KNOX COUNTY BOARD OF REVIEW, Plaintiff-Appellee, v. ILLINOIS PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellants.

Third District    Nos. 3—88—0630, 3—88—0634 cons.

Opinion filed July 5, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jennifer Keller, Assistant Attorney General, of Chicago, of counsel), for appellant Illinois Property Tax Appeal Board.

Burrel Barash, of Barash, Stoerzbach & Henson, of Galesburg, for appellant Clyde Raible.

Raymond Kimbell III, State's Attorney, of Galesburg (Jonathon T. Schlake, Assistant State's Attorney, of counsel), for appellee.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The issue presented for review is whether the Illinois Property Tax Appeal Board's determination that a privately owned golf course located in rural Knox County, Illinois, was entitled to an "open space" classification for tax purposes, pursuant to section 20g—1 of the Revenue Act of 1939 as amended (Ill. Rev. Stat. 1987, ch. 190, par. 501g—1). We find that such classification was correct.

Mr. Clyde Raible owns a 77.5-acre tract of land in rural Knoxville, Illinois. The land includes a one-acre homestead and a nine-hole golf course on the remaining 76.5 acres.

For 1985, Mr. Raible received a tax bill reflecting a total assessed value of $52,380. That figure reflected a per-acre assessment based upon a value of $368.40 per acre, and a per-hole assessment based upon a value of $8,520 per golf hole.

Subsequently, Mr. Raible filed an application with the Knox County Board of Review (hereinafter the Board) seeking to obtain "open space" valuation for the golf course. "Open space" valuation is provided for under sections 20g—1 through 20g—3 of the Illinois Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, pars. 501g—1 through 501g—3). When not eligible for open space valuation, all property is valued at its fair market value. (Ill. Rev. Stat. 1987, ch. 120, par. 501.) However, if land is being used in a way which is defined in section 201g—1 as "open space purposes," the land may be valued based upon the price it would bring at a fair voluntary sale for use by a buyer for open space purposes. If the subject land meets statutory criteria, it will not be taxed at its fair market value, but at its fair cash value.

The Board denied Mr. Raible's application and he pursued an appeal before the Illinois Property Tax Appeal Board (hereafter the PTAB). The PTAB held a hearing on the appeal and reversed the Board's determination.

The PTAB concluded that the golf course was entitled to "open space" classification. The PTAB reduced the assessed value of the improvements on the property from $40,680 to $15,120. That reduction reflected a valuation of a building and house on the one-acre parcel, but excluded the additional per-hole assessments on the golf course. The per-acre assessment on the land remained the same.

The Board brought a complaint for administrative review in the circuit court of Knox County, pursuant to the Administrative Review Act (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*; ch. 120, par. 592.4) to obtain judicial consideration of the PTAB's decision. Upon review, the trial court reversed the PTAB's determination. Following the trial court's disposition of the complaint, the PTAB and Mr. Raible filed the instant appeal.

The appellants principally contend that the golf course is entitled to "open space" classification as that term is contemplated in section 20g—1 of the Illinois Revenue Act of 1939. (Ill. Rev. Stat. 1987, ch. 120, par. 501g—1.) Furthermore, they assert that the taxable value of the land should be assessed as open space property and not as a golf course. Pursuant thereto, it is their contention that a separate assessment on each of the nine tees, greens and fairways is inappropriate.

The Board contends that pursuant to sections 20g—2 and 20g—3, a piece of land is entitled to open space classification only if its fair cash value as open space land at the time it applies for the classification is less than its fair market value.

■ The subject statutory provision amends the Revenue Act of 1939 to provide for alternative valuation of real estate used for open space purposes if the property has been used for open space purposes for the three years immediately preceding the year in which the assessment is made. The statute reads in pertinent part:

"§20g—1. Except in counties with a population of 200,000 or more which classify real property for the purpose of taxation, in addition to valuation as otherwise permitted by law, upon the filing of an application under Section 20g—2 by the person liable for the taxes on that land, land which is being used for open space purposes and has been so used for the 3 years immediately preceding the year in which the assessment is made shall be valued on the basis of its fair cash value, estimated at the price it would bring at a fair, voluntary sale for use by the buyer for open space purposes.

Land is used for open space purposes within the meaning of this Section if it is more than 10 acres in area and is used actually and exclusively for maintaining or enhancing natural or scenic resources, protects air or streams or water supplies, promotes conservation of soil, wetlands, beaches, or marshes, including ground cover or planted perennial grasses, trees and shrubs and other natural perennial growth trees and shrubs, and including any body of water, whether man-made or natural, conserves landscaped areas, such as public or private golf courses, enhances the value to the public of abutting or neighboring parks, forests, wildlife preserves, nature reservations, sanctuaries, or other open spaces, or preserves historic sites. Land is not used for open space purposes within the meaning of this Section if it is used primarily for residential purposes." Ill. Rev. Stat. 1987, ch. 120, par. 501g—1.

Pursuant to the plain language of section 20g—1, land is entitled to open space valuation if it satisfies certain specified criteria. The land must be located in a county with a population of less than 200,000. It must comprise at least 10 acres. It also must serve at least one of the six enumerated functions described in the statute. Additionally, the owner of the land must not use it primarily for residential purposes, and he must have used it as open space land for three years immediately preceding the year for which he seeks open space valuation.

The evidence of record, before this court, fully satisfies the express statutory criteria. Knox County, the location of the property, has a population of less than 200,000; the property has been used as

open space for 14 years; it is not used primarily for residential purposes; and the property conserves landscaped areas and promotes soil conservation.

Furthermore, this court determines, after a review of the pertinent transcripts of the legislative debates and Governor's legislative staff analysis, that the improvements to open space land that enhance or conserve the natural scenic beauty of that land, such as greens, tees and fairways, are not separately assessable under the Act.

■ In construing a statute, it is fundamental that a court is to ascertain and give effect to the legislative intent; in doing this, the court should consider not only the language of the statute, but also the reason and necessity for the law, the evils to remedied, and the objects and purposes to be obtained. (*People v. Haywood* (1987), 118 Ill. 2d 263, 515 N.E.2d 45.) When a statute is susceptible of two or more constructions, it becomes proper to examine sources other than its language for evidence of legislative intent, and the legislative history of the statute is relevant. *Kennedy Brothers, Inc. v. Property Tax Appeal Board* (1987), 158 Ill. App. 3d 154, 510 N.E.2d 1275.

Section 20g—1 was created by enactment of House Bill 121 during the 80th General Assembly. The bill was identical to House Bill 729, which passed both houses in the 79th General Assembly and was subsequently vetoed by the Governor, who objected to the broad definition of open spaces.

■ The proposed legislation was intended to provide a tax incentive for owners of open space properties, in part to preserve recreational activities in rapidly growing communities. (79th Ill. Gen. Assem., House Proceedings, May 16, 1975, at 177 (statement of Representative Beaupre).) Representative Daniels, a chief sponsor of the bill, stated:

> "Basically, the effect that it would have in golf courses in the State of Illinois is that they would be valued at the uniform rate as open space within the definition of the Bill. This means that they would be valued at a fair cash value as that particular use. The same would apply to other areas, recreational areas, historical sites, and the like." 79th Ill. Gen. Assem., House Proceedings, May 16, 1975, at 174.

Senator Rock advanced a similar position:

> "There is no question that a golf course is, in fact, open space, and as long as it is so used and not used for development purposes, it should be subject, we feel, to consideration by the assessor to assess it at its current use as open land, not its po-

tential use as development property." 79th Ill. Gen. Assem., Senate Proceedings, June 16, 1975, at 159-60.

Just prior to the Senate's passage of the bill, Senator Philip stated that the bill provided for "alternate valuation of real estate for the use for open space purposes for at least three years on its value as open space rather than on its value as highest and best use." 80th Ill. Gen. Assem., Senate Proceedings, June 22, 1977, at 66.

■ Beyond the examination of the legislative debates, we also recognize that the statutory interpretation determined by the PTAB expresses an informed source for ascertaining the legislative intent. (*See Adams v. Jewel Cos.* (1976), 63 Ill. 2d 336, 348 N.E.2d 161.) We must accord *prima facie* validity to the PTAB's conclusion. (Ill. Rev. Stat. 1987, ch. 110, par. 3—110.) The PTAB's determination that the value of the additional ground improvements, such as golf greens and tees, was not to be included in the value of the land under the Act was correct. Our review of the overall statutory scheme sustains the interpretation that the Act contemplates a single assessed value for open space land.

Lastly, the PTAB estimated the fair cash value of the golf course to be $368.39 per acre ($122.80 assessed value, per acre). This figure was adopted from the assessor's 1985 tax bill. The Board failed to proffer evidence that the PTAB's dollar assessment was in error; consequently, the trial court was not warranted in disturbing it.

For all of the foregoing reasons, the judgment of the circuit court of Knox County is reversed and the decision of the Illinois Property Tax Appeal Board is affirmed.

Reversed.

STOUDER and HEIPLE, JJ., concur.