**James George NUTCHEY, Lead Underwriter, on Behalf of the Various Underwriters at Lloyd's, London At Risk on Certificate of Insurance No. MCD 9787, Appellant,**

v.

**THREE R'S TRUCKING COMPANY, INC., Appellee.**

**No. 07–82–0401–CV.**

Court of Appeals of Texas, Amarillo.

Aug. 7, 1984.

Rehearing Denied Aug. 28, 1984.

Anderson, Miller & Sifford, C.A. Searcy Miller, Dallas, for appellant.

Thompson & Thomas, Martha Brown, Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellee Three R's Trucking Company, Inc., plaintiff in the trial court, filed suit against appellant James George Nutchey on an insurance policy, seeking to recover damages sustained when appellee's tractor-trailer was damaged due to a sudden impact with a depression in a road. Each side sought summary judgment with appellee prevailing. We affirm the judgment of the trial court.

In two points of error, appellant asserts the trial court erred in: (1) finding that the passage of a truck trailer over a three to five inch subsidance in a road is a "collision" within the meaning of the policy as a matter of law; and (2) in granting appellee's motion for summary judgment because appellee "failed to present any admissible summary judgment evidence to controvert appellant's summary judgment evidence and to support appellee's claim as to damages."

Under Tex.R.Civ.P. 166–A, the party moving for summary judgment has the burden of proving by means of summary judgment evidence independent of the pleadings that there is no material issue of fact and that he is entitled to judgment as a matter of law. Only when the movant has discharged this burden by presenting competent extrinsic evidence is the non-moving party required to show opposing evidence which raises a material fact issue. *Tabor v. Medical Center Bank*, 534 S.W.2d 199, 200 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). The non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. However, the non-movant may not urge on appeal as reason for reversal of the summary judgment any and every new ground that he can think of, nor can he resurrect grounds that he abandoned at the hearing. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

The policy in question was issued by Lloyd's of London through Montgomery

and Collins, Inc. of Texas, was designated as No. MCD 9787, and provided coverage on a 1975 American Trailer, Serial No. 26142. The accident in question occurred on or about June 13, 1980 and the instant suit was filed on March 9, 1981.

On June 16, 1982, appellant filed his motion for summary judgment based upon policy exclusion 5 (vii) which excluded loss or damage:

> ... which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage is the result of other losses covered by this insurance; ...

On July 2, 1982, appellee filed its motion for summary judgment based upon Section C of the policy which, *in para materia,* provided:

> This Section covers loss of or damage to an automobile caused by accidental collision of the automobile with another object, or by upset, ...

The record reveals on or about September 19, 1980, Rayburn Wenner was driving an International truck tractor, pulling the trailer here in question. The trailer had been loaded with 50,390 pounds of milo in McDonald, Kansas and the load was being transported to the Bovina Feeders in Bovina. Wenner was driving on Highway 95 in Oklahoma at a point about five or six miles north of Texhoma when the incident here in question occurred. The highway over which the trailer was being transported was a two-lane blacktop in "fairly good" condition. Wenner had never driven this road before.

With reference to the circumstances of the accident, Wenner testified:

> Well, I was traveling south on, I guess it was 95, and I topped a hill and went down in a small valley—ravine, and in the middle of the ravine there was a culvert, under the highway a drainage culvert, and over this culvert the highway had sunken probably three to four to five inches, and when I hit the jolt from the bump caused the trailer to break.

When specifically queried, he testified that neither the tractor or the trailer collided with anything and, in his opinion, as an experienced truck driver, "the jolt from the sunken culvert" caused the trailer to break.

■ Parenthetically, we note that appellant characterizes Wenner as an interested witness and suggests that be taken into consideration in assessing his testimony. The record sufficiently establishes that Wenner was not a party to the suit and was not employed by appellee at the time of his deposition testimony. That being the case, he was not an "interested party." *See J. Weingarten, Inc. v. Hochman,* 487 S.W.2d 159 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.) and *Louis v. Parchman,* 493 S.W.2d 310 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.).

■ It is axiomatic that, in construing an insurance contract, the language used in the policy must be construed according to the evident intent of the parties, to be derived from the words used, the subject matter to which they relate, and the matters naturally or usually incident thereto, and when words admit of two constructions, the one will be adopted most favorable to the insured. *State Farm Mut. Auto. Ins. Co. v. Pan American Ins. Co.,* 437 S.W.2d 542, 544 (Tex.1969).

In considering a policy containing language similar to that with which we are concerned, the court in *American Automobile Ins. Co. v. Baker,* 5 S.W.2d 252 (Tex. Civ.App.—Waco 1928, no writ), suggested a rule for construction of the language:

> We think the ordinary, natural, reasonable, and fair construction of the term 'accidental collision with an object,' as here used, should be construed to mean contact with some object such as a tree, stump, rock, fence, *embankment,* or other *obstruction,* or that some object, such as a train, street car, cow, horse or other object or animal collided with the car. *Id.* at 254. (emphasis added)

Black's Law Dictionary 972 (rev. 5th ed. 1979) defines obstruction as "a hindrance, obstacle, or barrier."

In the case of *Wood v. Southern Casualty Co.,* 270 S.W. 1055 (Tex.Civ.App.—Beaumont 1925, writ dism'd) the court was faced

with a situation somewhat similar to that presented here. In that case, the car involved had run into some road ruts, causing the operator to lose control of the car, resulting in its skidding into a ditch and turning over. In considering that situation, the court said:

> Without entering into an extended discussion of what has been defined and held to be an 'object' and a 'collision,' we will say that we think when the car ran into the rut and came in contact with the banks of same, causing the driver to lose control of the car, and it skidded into an adjacent ditch and turned over, that under the great weight of authority it must be held that the rut was an 'object' and that the car collided with same, as well as collided with the sides and bottom of the ditch into which it ran by reason of the 'collision' with the rut. *Id.* at 1057.

In the case of *Employers Liability Assur. Corp. v. Groninger & King*, 299 S.W.2d 175 (Tex.Civ.App.—Dallas 1956, writ ref'd n.r.e.), a Caterpillar tractor fell off a trailer truck, striking the road bed and causing the damage for which recovery was sought. In construing a provision in that insurance contract similar to that here scrutinized, the court held there can be a collision within the meaning of the policy when the object with which a vehicle collides is a road bed. *Id.* at 178.

■ We find the reasoning in these cases persuasive and the facts sufficiently analogous to compel a conclusion that an impact occurring when a trailer strikes a road bed as a result of a jolt produced by a "chug hole," or depression such as here existent, would be a collision with an object or obstruction within the purview of the insurance clause in question.

We must therefore, analyze the record to see if, under the tests set out above, the evidence justified the summary judgment here existent. That analysis initially requires close scrutiny of Mr. Wenner's testimony. In addition to the excerpts above set out, he testified that until he hit "that bump in the road" everything had been normal and there were no other vehicles within his sight. The break occurred approximately six to eight feet from the front of the trailer with the right sideboard being completely split from top to bottom and with the bottom of the trailer being completely split open. The break occurred at the time of the jolt and he could see grain coming out of the sides of the trailer through his mirrors. There really wasn't any noise but "it felt like the trailer had broken loose from the tractor" and "when I looked back I noticed it was broken." He was able to keep the truck under control but "it was quite a drag." His first thought was "to get it off the road" which he was able to do in about 75 feet. Wenner was also alone and the only witness to this accident.

■ While appellant places some emphasis upon the conclusion by Wenner that there was no "collision", within the context of this record, this was a mere conclusion on his part and, hence, not competent summary judgment evidence. *See Hidalgo v. Surety Savings and Loan Association*, 487 S.W.2d 702 (Tex.1972).

The evidence is uncontroverted that immediately prior to the occurrence, Wenner was driving the truck trailer unit along a road over which he had never before traveled. It is also uncontroverted that immediately prior to the accident, the unit was functioning in a normal manner, then came the "jolt" and, immediately thereafter, the damage to the trailer became evident. This evidence is, we believe, sufficient to justify the trial court's evident conclusion that as a matter of law, a "collision" then occurred within the purview of the policy and which collision led immediately and directly to the ensuing damage to the trailer.

Appellee's evidence having established its right to judgment as a matter of law, the appellant as the party opposing the summary judgment motion, acquired the burden merely to raise an issue of fact and not necessarily to establish any fact as a matter of law. *Tabor v. Medical Center Bank, supra.* In view of the uncontroverted testimony as to the very close juxtaposition of the onset of the trailer damage to the jolt and the entire absence of evidence

which would indicate any other cause such as ordinary wear and tear, design defect, or problem of like nature, we think no fact issue as to causation is shown.

We also think the evidence sufficient to justify the trial court finding as to the amount of damage. The deposition testimony of appellee's Dan Smith was that he was the owner of the trailer in question and that after the accident it was a total loss and prior to the accident it was worth "right at $15,000.00." While Smith is an interested witness, his testimony as to value was uncontroverted, clear, positive and direct, otherwise credible and could have been readily controverted. *See* Tex.R. Civ.P. 166–A(c). Point of error one is overruled.

Our disposition of and discussion under point one pretermits the necessity for extensive discussion of appellant's point two. Suffice it to say that the record shows appellee properly controverted appellant's motion for summary judgment and, for reasons discussed above, we do not think the trial court erred in overruling the motion and in rendering his summary judgment in favor of appellee.

There being no reversible error, the judgment of the trial court is affirmed.