Reverend Isaac T. NELSON and
Geraldine Nelson, Appellants,

v.

DALLAS INDEPENDENT SCHOOL
DISTRICT, et al., Appellees.

No. 05–88–01347–CV.

Court of Appeals of Texas,
Dallas.

June 29, 1989.

Rehearing Denied Aug. 8, 1989.

Thomas G. Nash, Dallas, for appellants.

Roger Albright, Dallas, for appellees, Cent. States Southeast and Southwest Areas Health & Welfare Fund.

Frank W. Elliott, Dallas, for appellee, Dallas Independent School Dist.

Before ROWE, McCLUNG and BURNETT, JJ.

ROWE, Justice.

Appellants, the Reverend Isaac T. Nelson and Geraldine Nelson, sued appellees, Dallas Independent School District and Central States Southeast and Southwest Areas Health and Welfare Fund, to recover certain funds allegedly owed to their deceased daughter or her estate. On motion for summary judgment, the trial court granted a take-nothing judgment in favor of Central States. After a nonjury trial, the trial court granted a take-nothing judgment in favor of DISD. In eleven points of error, the Nelsons complain that the evidence is legally and factually insufficient to support the judgment in favor of DISD and that the trial court erred in granting summary judgment in favor of Central States. We affirm the trial court's judgment with respect to DISD, but reverse and remand with respect to Central States.

On January 21, 1983, Debra Kay Nelson Jones died intestate. Debra had no children but was survived by her husband, Percy Jones, and by her parents, the Nelsons. In a separate lawsuit, a jury determined that Percy had killed Debra and was therefore barred from receiving the proceeds of any insurance policy on Debra's life or any share of Debra's estate. This lawsuit involves two separate claims by the Nelsons to recover certain funds paid by appellees to Percy prior to this determination.

### Claim Against DISD

At the time of her death, Debra was entitled to earned but unpaid salary from DISD of $3,106.52. On February 2, 1983, DISD issued two checks payable to Debra's estate as payment of such salary. After securing an affidavit from Percy, DISD released the two checks to him. The checks were subsequently indorsed "Debra K. Jones" and were paid by the drawee bank.

The Nelsons filed this lawsuit against DISD seeking to recover the salary. The trial court found that on the date that DISD delivered the checks to Percy, no one had been appointed as the personal representative of Debra's estate. It concluded, therefore, that on the date of delivery, Percy was entitled to collect the checks on behalf of Debra's estate pursuant to Probate Code section 160. TEX.PROB.CODE ANN. § 160 (Vernon 1980). Accordingly, the trial court entered a take-nothing judgment in favor of DISD. The Nelsons challenge the sufficiency of the evidence to support the findings upon which this judgment is based.

█ In addressing the Nelsons' challenges to the legal and factual sufficiency of the evidence supporting the trial court's findings, we apply the same standards as we would apply in reviewing the sufficiency of the evidence supporting a jury's answers to jury questions. *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). In analyzing their no evidence points, we must determine whether there is more than a scintilla of evidence to support the trial court's findings. *See Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). In making this determination, we must consider only the evidence favorable to the trial court's findings and disregard all evidence to the contrary. *Okon*, 612 S.W.2d at 941; *see Stafford*, 726 S.W.2d at 16; *In re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951). If the evidence furnishes some reasonable basis for differing conclusions by reasonable minds as to the existence of the vital facts, we must overrule the Nelsons' no evidence

points. *See Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

█ In reviewing their factual sufficiency points, we must determine whether, considering all the evidence, the trial court's findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *Okon*, 612 S.W.2d at 941; *see Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex.1985); *In re King's Estate*, 150 Tex. at 664–65, 244 S.W.2d at 661. It is, however, within the trial court's province as the trier of fact to judge the credibility of the witnesses and to resolve any conflict or inconsistencies in the testimony. *See Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Cobb v. Dunlap*, 656 S.W.2d 550, 553 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

█ In their sixth and seventh points of error, the Nelsons contend that there is no evidence or insufficient evidence that Percy was entitled to collect Debra's unpaid salary pursuant to Probate Code section 160. Section 160 provides, in relevant part:

> When no one has qualified as executor or administrator of the estate of a deceased spouse, the surviving spouse ... has the power ... to collect claims to the community estate....

TEX.PROB.CODE ANN. § 160 (Vernon 1980). In the court below, the parties stipulated that Percy was married to Debra on the date she died. Similarly, they stipulated that on February 2, 1983, no one had qualified as the administrator of Debra's estate, but that the Reverend Nelson was appointed temporary administrator two days later. The record contains no evidence contradicting these stipulations. Accordingly, these stipulations were binding upon the parties and the trial court and are now binding upon this Court. *See Geo-Western Petroleum Dev., Inc. v. Mitchell*, 717 S.W.2d 734, 736 (Tex.App.—Waco 1986, no writ); *Trinity Universal Ins. Co. v. Bellmead State Bank*, 396 S.W.2d 163, 168 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.). We conclude that this stipulated evidence conclusively establishes every fact necessary to show that Percy was entitled

to collect Debra's unpaid salary on behalf of the estate pursuant to Probate Code section 160. We overrule the sixth and seventh points of error.

 In their first and second points of error, the Nelsons assert that there is no evidence or insufficient evidence that DISD issued the checks to Percy or that he received the checks in the capacity of community survivor. The Nelsons argue that if the checks were issued pursuant to section 160, DISD should have made them payable to Percy as community survivor and not to Debra's estate. We find no authority, nor have the Nelsons cited any, for the proposition that a debtor in DISD's position must specify that payment is being made to a spouse as community survivor in order to rely on section 160. We see no cogent reason to require a debtor to specify the capacity of community survivor as opposed to simply making the check payable to the deceased spouses's estate as DISD did here. We overrule the first and second points of error.

In their fourth and fifth points of error, the Nelsons contend that there is no evidence or insufficient evidence that delivery of the checks to Percy constituted full payment of Debra's claim against DISD. As we have already indicated, Percy had the right to collect the checks from DISD on February 2, 1983. Since DISD delivered the checks to Percy on that date, the Nelsons cannot now claim that such delivery failed to satisfy DISD's obligation to Debra's estate. *Cf. First Nat'l Bank v. Gann*, 150 S.W.2d 290, 292 (Tex.Civ.App.—Galveston 1941, writ ref'd). We overrule the fourth and fifth points of error.

 In their third point of error, the Nelsons complain that the trial court erred in entering judgment for DISD because the improper indorsement of the checks did not pass title. We fail to see how this principle in any way affects this lawsuit. As the surviving spouse, Percy was authorized to collect the salary that DISD owed to Debra; and DISD was likewise authorized to deliver such salary to Percy. DISD fulfilled its obligation on February 2, 1983. The subsequent improper indorsement may have given rise to a cause of action for conversion against whoever indorsed Debra's name, the drawee bank, and any depositary or collecting banks, but not against DISD. We overrule the third point of error.

### *Claim Against Central States*

When Debra died, Central States issued a check for $3,000.00 to Percy and delivered it to his attorney. In the proceedings below, the parties disagreed as to the nature of this payment. The Nelsons asserted that such payment constituted proceeds of a life insurance policy on Debra. Thus, they argued that they were entitled to this payment by virtue of the earlier jury determination. On the other hand, Central States alleged that the payment was a spousal death benefit payable only to Percy pursuant to his employee benefit plan.

Central States moved for summary judgment claiming that it was an employee benefit fund governed by the Employee Retirement Income Security Act of 1974 [ERISA].[1] In its motion, Central States contended that ERISA preempted the Nelsons' state law claims and that the Nelsons had no claim under ERISA because they were neither participants nor beneficiaries in the plan. Alternatively, Central States argued that the Nelsons had failed to exhaust their administrative remedies.

In response, the Nelsons contended that Central States wrongfully paid the insurance proceeds to Percy in violation of Texas insurance laws.[2] They asserted that whether Central States wrongfully made payment after notice of an adverse claimant was a fact question precluding summary judgment. They conceded that they did not meet ERISA's definition of participants or beneficiaries but argued that this meant only that they were not governed by

---

1. 29 U.S.C. §§ 1001–1461 (1985 & Supp.1989).

2. The beneficiary of a life insurance policy forfeits his interest if he is the principal or an accomplice in wilfully bringing about the death of the insured. TEX.INS.CODE ANN. Art. 21.23 (Vernon Supp.1989).

ERISA. They also maintained that federal law did not prohibit them from seeking redress for the wrongful conduct of Central States. We note that our record contains no affidavits or other summary judgment proof in support of either Central State's motion or the Nelsons' response.

■ In order to prevail on its motion for summary judgment, Central States had the burden of establishing that there was no genuine issue of material fact as to its defense and that it was entitled to judgment as a matter of law. *See Town North Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex.1978); *Cross v. Dallas County Flood Control Dist. No. 1*, 773 S.W.2d 49, 53–54 (Tex.App.—Dallas, 1989, n.w.h.) (not yet reported). Until Central States had discharged this burden by presenting competent summary judgment proof, the Nelsons had no duty to tender opposing proof to raise a material fact issue. *See Nutchey v. Three R's Trucking Co.*, 674 S.W.2d 928, 929 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.); *Orozco v. Texas Gen. Indem. Co.*, 611 S.W.2d 724, 725–26 (Tex.Civ.App.—El Paso 1981, no writ). Proof in support of a summary judgment must be independent of the pleadings. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Nutchey*, 674 S.W.2d at 929; *Lloyd v. Holland*, 659 S.W.2d 103, 104–05 (Tex.App.—Houston [14th Dist.] 1983, no writ).

■ In this case, Central States presented no summary judgment proof whatsoever.[3] In the absence of such proof, Central States failed to establish its defense to the Nelsons' claims as a matter of law. *C.f. Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex.1984). In particular, Central States presented no summary judgment

proof that it was an employee benefit plan governed by ERISA or that its payment to Percy was made pursuant to the terms of such plan. Accordingly, we sustain the Nelsons' eighth and tenth points of error.[4]

Because of our disposition of the Nelsons' eighth and tenth points of error, we need not address the ninth or eleventh points of error. We affirm the trial court's judgment with respect to DISD and reverse the trial court's judgment with respect to Central States and remand this cause to the trial court for further proceedings.

___

**3.** Although Central States referred to the affidavit of Albert Nelson in its motion for summary judgment, such affidavit is not a part of our record. Apparently, this affidavit was attached to a motion to dismiss filed in federal court before this case was remanded to state court.

**4.** In their eighth point of error, the Nelsons complain that the trial court erred in entering judgment for Central States for the reason that the trial court has denied the right to a forum to hear their cause of action. In their tenth point

of error, the Nelsons contend that the trial court erred in entering judgment for Central States based upon its holding that they have no cause of action against Central States under federal or state law. Each of these points are couched in vague and general terms which we construe as complaints that Central States failed to conclusively establish its right to judgment. *Cf. Cove Investments, Inc. v. Manges*, 602 S.W.2d 512, 517 (Tex.1980).