DAIRYLAND INSURANCE COMPANY, Plaintiff, v. KEVIN LINAK *et al.*, Defendants (Illinois Farmers Insurance Company, Counterplaintiff-Appellee; American-Zurich Insurance Company, Counterdefendant-Appellant (Dairyland Insurance Company *et al.*, Counterdefendants)).

Second District No. 2—90—0581

Opinion filed February 15, 1991.

Christine L. Olson, James. P. DeNardo, and Randall G. Talan, all of McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellant.

George W. Brannen, of Casey & Brannen, and Theodore G. Schuster, both of St. Charles, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant and counterdefendant, American-Zurich Insurance Company (American-Zurich), appeals from an order of the circuit court of McHenry County granting the motion of defendant and counterplaintiff, Illinois Farmers Insurance Company (Farmers), for summary judgment. On appeal, American-Zurich contends that the trial court erred in finding that a limitation clause in an insurance policy issued by Farmers was unambiguous and effective. We affirm.

This suit arises from a one-car collision that occurred on June 10, 1987. The car involved was owned by Kenneth Curwin, but it was being driven by Kevin Linak at the time of the accident. Curwin, Kenneth Peters, Morgan Johnson, Michael Voorhees and Jason Ferguson were passengers in the car. Curwin, Peters, Johnson and Voorhees were killed in the accident, and Linak and Ferguson were injured.

Curwin, the owner, was insured by Farmers; Linak, the driver, was insured by Dairyland Insurance Company (Dairyland); and Peters, a passenger, was insured by American-Zurich. Dairyland filed a complaint in interpleader naming as defendants the accident sur-

vivors, the estates of the deceased, Farmers and American-Zurich. Apparently, the personal injury and wrongful death suits arising from the accident were consolidated with the interpleader action. The trial court granted judgment on the pleadings in favor of Dairyland in the interpleader action; Dairyland paid the policy limit, $30,000, to the court and was discharged from further liability.

Meanwhile, Farmers filed a counterclaim for declaratory judgment. In count I, Farmers sought a declaration that it was not liable for any damages; that count was later voluntarily dismissed and is not at issue in this appeal. In count II, Farmers sought a declaration that its exposure on the bodily injury claims was limited to $30,000. Farmers and American-Zurich filed cross-motions for summary judgment on count II.

As relevant to the summary judgment motions, the following facts are undisputed. The named insured on the Farmers policy is Norma Curwin, the mother of Kenneth Curwin. The policy insures the named insured, any family member and any person using the insured car; the bodily injury liability limits of the policy are $100,000 per person and $300,000 per occurrence. The policy contains a clause, however, that states that Farmers "will provide insurance for an **insured person**, other than [the named insured] or a **family member**, up to the limits of the Financial Responsibility Law only" (hereinafter referred to as the nonfamily-member limitation clause). At the time of the accident, the minimum limits under the Illinois safety responsibility law were $15,000 per person and $30,000 per occurrence. Ill. Rev. Stat. 1985, ch. 95½, par. 7—203.

In its motion, Farmers asserted that the driver, Kevin Linak, was not a family member of the named insured and that; pursuant to the nonfamily-member limitation clause, Farmers was liable for the negligence of Linak only to the extent of the Illinois safety responsibility law, or $30,000.

In its cross-motion, American-Zurich contended that the nonfamily-member limitation clause was ambiguous, was not clear and conspicuous, and should be given no effect. In support of these contentions, American-Zurich pointed out that the clause is contained in the "Other Insurance" section of the policy and not in the "Limits of Liability" section. The trial court concluded that the clause was not ambiguous and granted Farmers' motion and denied American-Zurich's motion. American-Zurich filed a timely notice of appeal.

■■ ■ Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment

as a matter of law. (*Butler v. Economy Fire & Casualty Co.* (1990), 199 Ill. App. 3d 1015, 1021; Ill. Rev. Stat. 1989, ch. 110, par. 2–1005(c).) The facts in this case are not in dispute. The only issue to be resolved is the extent of coverage provided under the Farmers policy. The construction of the language of an insurance policy is a question of law properly decided on a motion for summary judgment. (*Bohnen International, Inc. v. Liberty Mutual Insurance Co.* (1983), 120 Ill. App. 3d 657, 662.) As a question of law, the interpretation of a contract can be determined on review independent of the trial court's judgment. *Butler*, 199 Ill. App. 3d at 1021.

■■ ■ If an insurance policy is clear and unambiguous, the words of the policy will be given their plain and ordinary meaning. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 5; *Giardino v. American Family Insurance* (1987), 164 Ill. App. 3d 389, 391.) A contract is ambiguous if it is fairly or reasonably susceptible to more than one interpretation. (*Gardner v. Padro* (1987), 164 Ill. App. 3d 449, 453.) In determining whether there is an ambiguity, the clause in question must be read in its factual context and not in isolation. *Schnackenberg*, 88 Ill. 2d at 5; *Putzbach v. Allstate Insurance Co.* (1986), 143 Ill. App. 3d 1077, 1081.

To reiterate, the nonfamily-member limitation clause reads:

> "We will provide insurance for an **insured person**, other than [the named insured] or a **family member**, up to the limits of the Financial Responsibility Law only."

Standing on its own, the clause could not be clearer: the insurer is limiting its liability for the acts of nonfamily members to $15,000/$30,000, although the coverage for family members may be considerably higher, here $100,000/$300,000. When read in the context of the policy, however, the meaning of the clause is ambiguous.

■■ ■ The clause is clearly a limitation clause, yet it does not appear in the "Limits of Liability" section of the policy. The "Limits of Liability" section states that the limits shown in the declarations ($100,000/$300,000) apply subject to certain conditions. None of the listed conditions mentions or even hints at the nonfamily-member limitation, and there is no suggestion of the nonfamily-member limitation to be found in the declarations or in the exclusions or conditions sections of the policy either. The clause appears only in the section entitled "Other Insurance," and the other clauses in that section explicitly refer to multiple insurance situations (proration, anti-stacking, excess coverage). Keeping in mind that every provision of a contract must, if possible, be given effect because it is presumed that each was inserted deliberately and for a

purpose (*Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 283), we conclude that the clause can be read two ways: it may mean exactly what it says, that Farmers will provide only $15,000/$30,000 coverage for a nonfamily member, or, given the context in which the clause appears, it may mean that *in a multiple insurance situation* Farmers will provide only $15,000/$30,000 coverage for a nonfamily member, that is, the limitation will arise only where other insurance also applies to the loss being covered.

 Given that we have determined that this clause is ambiguous, we note that the general rule in such a situation is to construe the ambiguity against the drafter of the language. (See *First National Bank v. Country Mutual Insurance Co.* (1988), 175 Ill. App. 3d 860, 866.) The drafter of the clause at issue in this case was Farmers. However, simply because Farmers drafted the ambiguous clause does not mean, ironically, that the summary judgment in favor of Farmers must be reversed. This case presents a multiple insurance situation. Kevin Linak, the driver, was insured through Dairyland Insurance. Dairyland has conceded that its policy applies to this loss and has turned over the policy limits to the court for distribution. Therefore, whether the nonfamily-member clause is read broadly (to limit nonfamily-member coverage under any circumstances) or narrowly (to limit that coverage only in "other insurance" situations), the limitation applies in this case. The trial court did not err in entering summary judgment in favor of Farmers and limiting its liability for the acts of Kevin Linak to $15,000/$30,000.

For these reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

WOODWARD and NICKELS, JJ., concur.