JOHN W. LOFTIS, JR., Plaintiff-Appellant, v. VESTA COMPANIES, Defendant-Appellee.

Third District    No. 3—97—0016

Opinion filed October 16, 1997.

Emmanuel F. Guyon (argued), of Streator, for appellant.

Daniel P. Slayden, of Hinshaw & Culbertson, of Joliet, and Bruce L. Carmen (argued), of Hinshaw & Culbertson, of Chicago, for appellee.

JUSTICE HOMER delivered the opinion of the court:

The plaintiff, John W. Loftis, Jr., filed an action against the defendant insurance company which denied coverage for damages caused when his tractor-trailer drove over a pothole. We must determine whether driving over a pothole constitutes a "collision with another object" within the contemplation of the policy of insurance. The trial court granted summary judgment for the defendant. We reverse and enter summary judgment for the plaintiff.

## FACTS

The plaintiff purchased an insurance policy from the defendant. The policy covered damages to the plaintiff's vehicle caused by a "collision with another object." The plaintiff was driving on Interstate 80 when his tractor-trailer traveled over a pothole in the road.

The main beam of the trailer was sheared off and the chain securing a roll of steel broke, spilling the contents onto the roadway and adjacent shoulder. The plaintiff sustained damages in the amount of $5,534.

The parties filed cross-motions for summary judgment. The trial court granted summary judgment for the defendant and the plaintiff appeals.

## ANALYSIS

■■■ The standard of review of a trial court's decision on a motion for summary judgment is *de novo. Andrews v. Cramer*, 256 Ill. App. 3d 766, 769, 629 N.E.2d 133, 135 (1993). In addition, the construction of a policy of insurance is a question of law and this court can interpret a policy independently of the trial court's judgment. *Dairyland Insurance Co. v. Linak*, 208 Ill. App. 3d 892, 567 N.E.2d 638 (1991). In reviewing a motion for summary judgment, this court is limited to the record in determining whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Bryant v. Glen Oaks Medical Center*, 272 Ill. App. 3d 640, 649, 650 N.E.2d 622, 629 (1995).

The plaintiff asserts that the phrase "collision with another object" is ambiguous and must be construed in his favor. He argues

that striking the far side of a pothole is a collision with another object and that damage caused by such collision should be covered by his insurance policy. The defendant contends that the phrase is unambiguous and must therefore be enforced as its plain meaning dictates. Even if the phrase is ambiguous, the defendant argues that the plaintiff's trailer passing over a pothole cannot be reasonably construed as a "collision with another object." The defendant suggests that the trailer did not collide with an "object," but was "jostled" by an uneven portion of the road. Therefore, the defendant maintains that its policy does not provide coverage.

■ Where the language of an insurance policy is clear and unambiguous, it must be enforced as the plain meaning dictates. *United States Fire Insurance Co. v. Schnackenberg*, 88 Ill. 2d 1, 4-5, 429 N.E.2d 1203, 1205 (1981). As with the construction of a contract generally, whether an insurance policy is ambiguous is a question of law for the court. *Cowens v. Illinois Insurance Guaranty Fund*, 249 Ill. App. 3d 214, 618 N.E.2d 873 (1993). An insurance policy contains an ambiguity if the challenged language is subject to more than one reasonable interpretation. *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 193, 620 N.E.2d 355, 362 (1993). An insurance policy that is ambiguous or susceptible of at least two reasonable interpretations should be construed in favor of the insured. *Gibbs v. Madison Mutual Insurance Co.*, 242 Ill. App. 3d 147, 610 N.E.2d 143 (1993). A court should liberally construe an insurance policy in favor of coverage. *Bellmer v. Charter Security Life Insurance Co.*, 140 Ill. App. 3d 752, 755, 488 N.E.2d 1338, 1340 (1986).

■ We find the phrase "collision with another object" contained in the insurance policy at issue in the instant case ambiguous as reflected by the two reasonable interpretations advocated by the parties. We believe this ambiguity should be resolved in favor of the insured.

The defendant points out that the only reported Illinois case that considered this issue arrived at a contrary conclusion. In *Garford Motor Truck Co. v. Miller's National Insurance Co.*, 230 Ill. App. 622, 630 (1923), the Illinois Appellate Court, First District, considered an insurance policy that covered the plaintiff for an "accidental collision with [another] object." The plaintiff's truck hit a water-filled hole caused by wear in a road known as Indianapolis Boulevard. The truck slid off the road into a lake. The court determined that the words "accidental collision with an object" were not intended or expected to cover the occurrence. The court stated that "it may not reasonably be said that the hole in the pavement or the far side of the hole was an 'object' within the meaning of that word as we find it

in the insurance policy involved in this case." *Garford*, 230 Ill. App. at 630.

The plaintiff responds by challenging the relied-upon language in *Garford* as *dicta*. We find it unnecessary to address that point. It is well settled that one district of the Illinois Appellate Court is not required to follow decisions of other districts, although there may be compelling reasons to do so when dealing with similar facts and circumstances. *In re May 1991 Will County Grand Jury*, 152 Ill. 2d 381, 604 N.E.2d 929 (1992). We decline to follow *Garford* because we find its reasoning faulty and the dissent rendered in that case more persuasive. The dissent pointed out that after the *Garford* majority found doubt as to the meaning of the words "collision" and "object" in the policy at issue in that case, it resolved that doubt in favor of the insurance company. The dissent noted this construction violates the rule of interpretation which requires the insured to be given the benefit of the doubt.

In addition, we agree with the plaintiff that *Garford* is no longer good law because transportation has changed significantly in the past 70 years. The increased traffic count, rate of speed, and size of vehicles that are now common to interstate highway travel have made it more difficult and dangerous to take evasive action to avoid potholes. Therefore, the circumstances surrounding the instant case are unlike those that existed when *Garford* was decided, and we do not feel compelled to follow the majority's holding in that case.

We find more persuasive the position adopted in *Nutchey v. Three R's Trucking Co.*, 674 S.W.2d 928 (Tex. Civ. App. 1984), by the Court of Appeals of Texas. That court reviewed three previous Texas cases with similar facts and concluded that an "impact occurring when a trailer strikes a road bed as a result of a jolt produced by a 'chug hole,' or depression *** would be a collision with an object or obstruction within the purview of the insurance clause in question." *Nutchey*, 674 S.W.2d at 931.

We agree with the conclusions reached in *Nutchey*. The plaintiff in the instant case hit a pothole, apparently with considerable force, causing significant damage to his tractor-trailer. A contemporary over-the-road truck driver purchasing insurance would expect to have coverage for this type of occurrence. After having paid premiums for such coverage, the insured should not now be denied benefits. We hold that the impact of a vehicle with a pothole located in the roadbed of an interstate highway constitutes a "collision with another object" and that the resulting damage is covered by the language contained in the plaintiff's insurance policy.

The parties agree that the only issue in this appeal is whether

the damage caused when the plaintiff's tractor-trailer impacted the pothole is insured under the plaintiff's policy. Having concluded that it is, we reverse the trial court's order granting the defendant's motion for summary judgment and, pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), enter summary judgment for the plaintiff in the amount of $5,534 plus costs.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of La Salle County is reversed and summary judgment is entered for the plaintiff.

Reversed and judgment entered.

BRESLIN and SLATER, JJ., concur.