No. 3--04--0119 

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

METROPOLITAN PROPERTY and     ) Appeal from the Circuit Court

CASUALTY INSURANCE COMPANY, ) of the 14th Judicial Circuit

                              ) Rock Island County, Illinois   

Plaintiff-Appellee, )

)

v. ) No.  01--MR--208 

)

JAMES M. PITTINGTON and       )    

PETE R. HARRISON,             )                              

) Honorable Mark A. Vandeweile,

Defendants-Appellants.   ) Judge, Presiding.

JUSTICE SCHMIDT delivered the opinion of the court:

Plaintiff, Metropolitan Property and Casualty Insurance Company, issued a policy of insurance to defendant James Pittington.  On May 7, 2000, Pittington shot defendant Pete Harrison, while both were at the Pittington residence.  In a separate case, Harrison's estate filed a wrongful death action against Pittington.  The plaintiff herein then filed this declaratory judgment action seeking a declaration that the policy of insurance issued to Pittington would not indemnify him for monetary damages stemming from the shooting of Harrison.  The circuit court of Rock Island County granted plaintiff's motion for summary judgment.  Harrison appeals.  

BACKGROUND

Following the shooting, Pittington was charged with attempted murder, aggravated battery with a firearm, and unlawful possession of a firearm without a Firearm Owner's Identification Card (FOID).  During trial, an agreement between Pittington and the State was reached wherein Pittington agreed to plead guilty to reckless conduct in violation of section 12--5 of the Criminal Code of 1961 (720 ILCS 5/12--5 (West 2000)) and provide a statement that, based upon the evidence presented, he acknowledged that he would have been found guilty of the same charge had the case proceeded to trial.  Pittington was also found guilty of unlawful possession of a firearm without a FOID card.

The plaintiff filed this declaratory judgment against Pittington and Harrison claiming that any damages which resulted from Pittington's actions were excluded from coverage.  After Pittington pled guilty to reckless conduct, the plaintiff filed a motion for summary judgment, which was denied by the trial court.  The plaintiff then filed a motion for reconsideration, which was also denied by the trial court.  Finally, the plaintiff filed a "renewed motion for reconsideration," which asked the trial court to reverse its original ruling and grant the plaintiff's motion for summary judgment.  By order dated October 20, 2003, the trial court granted the plaintiff's renewed motion for reconsideration and awarded plaintiff summary judgment.

In its final order, the trial court stated, 
inter alia
:

     "Summary Judgment is appropriate if there is no

material issue of fact in dispute.

     The Court has reviewed the transcript from the

criminal proceeding in 2000 CF 386.  Counsel represent

that this is the same evidence that this Court would

hear in a civil trial.

     The Court finds that there is no material issue

of fact.  The Court further finds that the Metropolitan

Policy excludes coverage for this incident.  Pittington's

loading and discharging a firearm was a criminal act.

The transcript further indicates that Pittington told

Capt. Chisholm that he intended to scare Harrison with

the gun and that it was loaded in case he needed it

later.

     Pittington is the insured, he committed a criminal

act (reckless conduct) by loading and discharging the

shotgun.  This is not a case where Pittington was

shooting at a river rat and Harrison walked around a 

blind corner and was hit.  Pittington was exiting the

same door Harrison was entering when the gun went off.

     Pittington previously loaded the shotgun with

Harrison in mind.  Pittington could have scared 

Harrison without loading the gun.  Pittington made the

statement to police that the gun was loaded in case

he needed it later.  That indicates that Pittington

expected, anticipated or intended to shoot Harrison

at some point.

     Plaintiff's policy excludes coverage for actions

by Mr. Pittington."

It is from this order that defendant appeals.  

ANALYSIS

In appeals from summary judgment orders, we conduct a 
de novo 
review.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 607 N.E.2d 1204 (1992).  Summary judgment is appropriate when the pleadings, depositions, affidavits, and admissions show that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2--1005(c) (West 2000); 
Largosa v. Ford Motor Co.
, 303 Ill. App. 3d 751, 708 N.E.2d 1219 (1999).  In addressing the granting of a motion for summary judgment, an appellate court must consider all facts revealed in the record and all grounds alleged by the parties in order to determine whether a genuine issue of material fact exists.  
Seefeldt v. Millikin National Bank of Decatur
, 154 Ill. App. 3d 715, 506 N.E.2d 1052 (1987).  Summary judgment should be denied where a reasonable person could draw divergent inferences from undisputed facts.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992).   The construction of the language of an insurance policy is a question of law properly decided on a motion for summary judgment, and as such, interpretation can be determined on review independent of the trial court's judgment.  
Dairyland Insurance Co. v. Linak
, 208 Ill. App. 3d 892, 567 N.E.2d 638 (1991).

If an insurance policy is clear and unambiguous, the words of the policy will be given their plain and ordinary meaning.  
United States Fire Insurance Co. v. Schnackenberg
, 88 Ill. 2d 1, 429 N.E.2d 1203 (1981).  In determining whether there is an ambiguity, the clause in question must be read in its factual context and not in isolation.  
Schnackenberg
, 88 Ill. 2d at 5, 429 N.E.2d at 1205.  

The policy issued to Pittington from Metropolitan includes the following exclusion:  

     "
Coverage E - Personal Liability and Coverage F -

Medical Payments to Others 
do not apply to 
bodily
 

injury
 or 
property damage
:

     a.  Which may reasonably be expected to result

from...criminal acts of an insured person, or which

are in fact expected, anticipated or intended by an

insured person."

The plaintiff claims, and the trial court found, that based upon the "expected, anticipated or intended" clause of this exclusion, the plaintiff was not obligated under the policy of insurance for any damages which Pittington may be legally liable to pay to Harrison.  Defendant contends that the trial court's finding was error.  

Initially, defendant maintains that there is a question of material fact that would preclude summary judgment as to whether the bodily injury to Harrison was in fact expected, anticipated or intended by Pittington or merely the result of an accident.  Defendant also contends that under the 
Peppers
 doctrine, it was improper for the trial court to decide this issue prior to its resolution in the underlying tort case.  
Maryland Casualty Co. v. Peppers
, 64 Ill. 2d 187, 355 N.E.2d 24 (1976).  We agree and reverse.

After considering all of the facts revealed in the record and all of the grounds alleged by the parties, we find that  reasonable persons could draw divergent inferences from the facts contained within the record.

The parties agreed and the trial court took note of the fact that the anticipated testimony in the case at bar would mirror that of Pittington's criminal trial.  The trial court noted that its review of the criminal record indicated that Pittington expected, anticipated or intended to shoot Harrison at some point.  Undoubtedly, the trial court came to this opinion based on the testimony of Deputy Randy Heisch, Deputy Mike Clary, and Captain Jeffery Chisholm.  In fact, the trial court identified part of Captain Chisholm's testimony as a basis for its decision.  Certainly, after reviewing those officers' testimony, one could form the reasonable opinion that Pittington intended to shoot Harrison.  

However, it is also likely that after reviewing the testimony of Charles Buttgen, Therese Murray Roof, and Pete Ray Harrison (the victim), and Deputy James Patterson's remarks regarding the statements of nurse Tara Johnson, the divergent view that Pittington accidently shot Harrison may also be reasonable.  Testimony at the criminal trial indicated that Harrison told nurse Johnson, while receiving treatment, that the shooting was accidental.  Theresa Roof, Harrison's sister, testified that she immediately went to her brother to render first aid after the shooting and he stated, "It was an accident.  Where is Mike?"  Certainly, absent any testimony from Pittington, this testimony is sufficient to raise a genuine issue of material fact regarding the nature of this shooting.  As such, summary judgment is simply not appropriate.

Moreover, we hold that any ruling as to the intentional nature of this shooting prior to the resolution of the underlying tort case would be premature under the 
Peppers
 doctrine.   
Peppers
, 64 Ill. 2d at 197.  In 
Peppers
, our supreme court stated:

"Under the principle of collateral estoppel the

finding in the declaratory judgment action that

the injury was intentionally inflicted could

possibly establish the allegations of the assault

count in the complaint and might preclude [the 

victim's] right to recover under the other theories 

alleged. [Citations.]  In a case quite similar to 

ours the appellate court held that the ruling and 

judgment of the trial court in a declaratory judgment 

action under such circumstances were 'premature' and 

should be reversed. [Citation.] We agree with that 

holding.  The finding of the trial court in our case 

that the injury was intentional was not proper in this

declaratory judgment action.  This issue was one of 

the ultimate facts upon which recovery is predicated

in the [underlying] personal injury action against 

[the shooter] ***."  
Peppers
, 64 Ill. 2d at 197.

Moreover, in a more recent case that also involved a shooting, declaratory judgment action, and underlying tort suit, our supreme court stated:

"We also uphold the rule that it is inappropriate

to resolve a declaratory judgment action in such a 

manner as would bind the parties in the underlying

litigation on any issues therein."  
American Family

Mutual Insurance Co. v. Savickas
, 193 Ill. 2d 378,

387, 739 N.E.2d 445, 451 (2000).  

We hold that the record on appeal establishes a genuine issue of material fact which precludes summary judgment and the determination that Pittington intended to shoot Harrison was premature under the 
Peppers
 doctrine and, therefore, reverse the rulings of the trial court.   

Finally, we agree with the trial court that Pittington's plea to reckless conduct (720 ILCS 5/12--5 (West 2000)) has no estoppel effect on this declaratory judgment action.  The court was correct when it stated, "The fact that Pittington pled guilty to reckless conduct is not determinative" to the outcome of this case.  

While criminal convictions can certainly have an estoppel effect on civil litigation such as this (see 
Savickas
, 193 Ill. 2d 378, 739 N.E.2d 445; 
State Farm Fire & Casualty Co., v. Martin
, 186 Ill. 2d 367, 710 N.E.2d 1228 (1999)
), three threshold requirements must be met before the doctrine is applied.  
Savickas
, 193 Ill. 2d at 387.  The first requirement is that the issue decided in the criminal adjudication must be identical with the one presented in the declaratory judgment action.  
Savickas
, 193 Ill. 2d at 387.  Second, there must have been a final judgment on the merits in the prior adjudication.  
Savickas
, 193 Ill. 2d at 387.  Third, the party against whom estoppel is asserted must have been a party or in privity with a party to the prior adjudication.  
Savickas
, 193 Ill. 2d at 387.

The issue at bar, given the wording of the exclusion in the plaintiff's policy, is whether Pittington "in fact expected, anticipated or intended" to cause bodily injury to Harrington.  In pleading guilty to reckless conduct, Pittington admitted he performed an act which caused the harm or endangered the safety of Harrison with "conscious disregard" of a substantial and unjustifiable risk.  See 720 ILCS 5/12--5; 4--6 (West 2000).  Pittington's plea is in no way an admission that he expected, anticipated or intended to cause bodily harm to Harrington and, therefore, cannot meet the first part of the 
Savickas
 estoppel test.

The 
Savickas
 court further noted that collateral estoppel will not be summarily applied even when the three requirements are satisfied.  
Savickas
, 193 Ill. 2d at 387.  The court stated, "Additionally, the party sought to be bound must actually have litigated the issue in the first suit and a decision on the issue must have been necessary to the judgment in the first litigation."  
Savickas
, 193 Ill. 2d at 387.  Defendant submits that the State allowing Pittington to plead to reckless conduct in the middle of his attempted murder trial rendered that litigation a "side show," which would preclude any rulings or admissions therein from being used collaterally.  See
 Talarico v. Dunlap
, 177 Ill. 2d 185, 196, 685 N.E.2d 325, 330 (1997).  We agree.  

Pittington was charged with attempted murder and, if convicted, was facing a lengthy term of incarceration.  The "practical realities" of Pittington's criminal litigation were such that when offered the chance to plea to reckless conduct, he had little incentive to continue the litigation in a "struggle to the finish."  See 
Talarico
, 177 Ill. 2d at 196.  For this reason, and the fact that Pittington's plea to reckless conduct does not meet the initial three estoppel requirements discussed in 
Savickas
, we agree with the trial court that the plea "is not determinative" to the outcome of this matter.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Rock Island County is reversed.    

Reversed and remanded.

LYTTON and O'BRIEN, JJ., concur.