JOHN J. HENEGHAN, Plaintiff-Appellee, v. STATE SECURITY INSURANCE COMPANY, Defendant-Appellant.

Second District No. 2—89—0551

Opinion filed March 23, 1990.

Sam J. Filippo, of Grief, Bus & Blacklidge, P.C., of West Chicago, for appellant.

Charles F. Haverty III, of Brady, McQueen, Martin, Collins & Jensen, of Elgin, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, State Security Insurance Company, appeals from an order of the circuit court granting summary judgment in favor of plaintiff, John Heneghan. Defendant raises on appeal the issue of whether the trial court erred in finding that defendant was estopped from invoking the two-year limitation within which plaintiff had to file an uninsured-motorist claim. We affirm.

Plaintiff was insured under defendant's automobile policy. Defendant agreed to pay all sums which plaintiff is "legally entitled to recover as damages from the owner or operator of an uninsured automobile." The parties were to determine whether plaintiff was legally entitled to recover damages and the amount of those damages. If they failed to agree, those issues would be submitted to arbitration. The policy also provided:

> "[N]o suit, action or arbitration proceedings for the recovery of any claim under Family Protection/Uninsured Motorists Coverage shall be sustainable in any court of law or equity unless the Insured shall have fully complied with all of the terms of this policy, nor unless commenced within two (2) years after the occurrence of the loss."

On December 4, 1983, plaintiff, while driving his car, was struck by another car and was injured. At the time of the accident, it could not be determined which of the occupants of the other car, John Coontz or Karen McLaughlin, was driving. McLaughlin was insured, but Coontz was not. Plaintiff filed suit against both Coontz and McLaughlin, alleging that either McLaughlin or Coontz was driving the car that struck plaintiff.

On January 31, 1985, plaintiff's attorney sent a letter to defendant advising it of the status of the litigation. The letter specifically stated that plaintiff was notifying defendant of a possible uninsured-motorist claim and that, if it was determined that Coontz was the driver, plaintiff would have a claim under defendant's policy. Subsequently, McLaughlin countersued plaintiff. In a letter dated November 1, 1985, plaintiff's attorney informed defendant of the counterclaim and included summaries from the depositions of some of the witnesses. Neither McLaughlin nor Coontz remembered the accident or who was driving. An eyewitness stated that he saw a blond woman (insured motorist) driving the car owned by Coontz. Plaintiff and his passenger both stated in their depositions that just prior to impact they saw a blond woman driving the car. An officer who investigated the accident "place[d] the McLaughlin woman in the driver's seat area with her feet under the pedals." Coontz was found in the middle of the car, on the console, with most of his body in the passenger side. Plaintiff's attorney also mentioned in the letter that McLaughlin's attorney interviewed some paramedics "who concluded without any real evidence that Coontz was driving." Plaintiff's attorney believed that the depositions supported the conclusion that McLaughlin was the driver. Plaintiff's attorney closed the letter by requesting that defendant inform him of who would be hired to defend plaintiff.

In his April 3, 1986, letter, plaintiff's attorney informed defendant that since Coontz was uninsured, if plaintiff did not succeed in proving that McLaughlin was the driver, plaintiff was "going to go ahead with an uninsured motorist arbitration" under the policy. Plaintiff ultimately failed to prove at trial that McLaughlin was the driver of the car, and after the verdict was rendered, plaintiff notified defendant that he would pursue his uninsured-motorist claim. Defendant responded by citing the limitations section of the policy and refused to submit to arbitration because more than two years had passed since the accident.

Plaintiff filed a complaint for declaratory judgment, requesting that the court declare that defendant provide uninsured-motorist coverage to plaintiff and that arbitration of plaintiff's claim to that coverage should be had. Defendant stipulated to the facts as alleged in plaintiff's motion for summary judgment.

In granting plaintiff's motion for summary judgment, the trial court made the following findings as a matter of law:

"1. The plaintiff properly proceeded against the apparently correct defendant without involving the plaintiff's carrier, the defendant herein. This was to the carrier's benefit.

2. The defendant carrier accepted the benefit of the plaintiff's action.

3. The reliance of the plaintiff on the evidence supporting the presumption that the insured person was the driver was reasonable.

4. The defendant carrier lulled the plaintiff's counsel into a belief that the issue of uninsured motorist coverage would be addressed after a determination as to whether or not the insured person was the driver.

5. The plaintiff reasonably relied upon the defendant carrier's actions and failure to act in waiting to file its claim under the family expense [uninsured motorist] coverage."

Defendant then timely filed this appeal.

Defendant contends that the trial court should not have granted plaintiff's motion for summary judgment because the limitations period provided in the policy had expired. All but one of defendant's arguments in support of this contention are attacks on the court's finding that defendant is estopped from asserting the limitations period as a defense. The plaintiff countered the affirmative defense by arguing before the trial and this court that the affirmative defense was inappropriate. The plaintiff argued the limitation period had not expired because the right to recover damages had not accrued until the jury had determined the uninsured motorist was the driver. We will first address appellant's arguments and will assume *arguendo* the trial court was correct in determining the accrual date was the date of the accident.

■■ A waiver or an estoppel with respect to a contractual provision limiting the time within which an action on an insurance policy must be brought exists if the conduct of the insurance company is such as to cause the insured to change his position by lulling him into a false security, thereby causing him to delay or waive assertion of his rights to damage. (*Dickirson v. Pacific Mutual Life Insurance Co.* (1925), 319 Ill. 311, 318; *Ciaccio v. North River Insurance Co.* (1974), 17 Ill. App. 3d 940, 942.) To constitute a waiver the words or conduct of the insurer must have been inconsistent with its intention to rely on the requirements of the policy. (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 304.) Such is clearly the case at bar.

■■ Defendant insurer's own failure to request arbitration within the two-year limitation period, its acquiescence in the plan to await the outcome of the suit against Coontz and McLaughlin (and the accrual of its obligation under the endorsement), and its active participation in the lawsuit were actions entirely inconsistent with its

present intention to rely strictly on the requirements of the policy and clearly constituted a waiver of such requirements.

For these same reasons, the trial court correctly decided that defendant is estopped from asserting the two-year policy limitation as a bar to plaintiff's uninsured-motorist claim.

Estoppel has been defined as follows:

> "Estoppel *** arises whenever one by his conduct, affirmative or negative, intentionally or through culpable negligence, induces another to believe and have confidence in certain material facts, and the latter having the right to do so, relies and acts thereon, and is as a reasonable and inevitable consequence, misled, to his injury." (*Kelly v. Terrill* (1971), 132 Ill. App. 2d 238, 240-41.)

Estoppel is based on the principle that one cannot act or conduct himself in a particular manner and then assume a position inconsistent with that conduct to the prejudice of one who has relied upon it. *Sponemann v. Country Mutual Insurance Co.* (1983), 120 Ill. App. 3d 211, 221.

In the case at bar, the trial court correctly found that defendant's course of conduct was calculated to lull plaintiff into the reasonable belief that arbitration—if indeed warranted—would be held off until the jury determined whether the insured or the uninsured defendant was at fault. Because of its conduct in encouraging plaintiff's delay in the filing of his demand for arbitration, defendant is equitably estopped from asserting the two-year limitation provision of the policy. The court, having determined that the accrual date was the date of the accident, was correct in finding that waiver and estoppel precluded raising the limitations provision in the contract.

Alternatively, we believe the better resolution is that the limitation period did not commence at the time of the accident as argued by defendant but, rather, after trial as argued by the plaintiff.

Defendant argues the court should not have found reasonable the plaintiff's reliance on evidence supporting the presumption the other driver was insured. Defendant bases this argument on the premise that, because plaintiff's negligence cause of action arose on December 4, 1983, the date of the collision, the limitations period began to run and was not tolled by the filing of the negligence action. Furthermore, plaintiff's inability to determine which defendant was the driver "did not preclude plaintiff from proceeding with his cause of action." Defendant believes that since plaintiff did not choose to include defendant in the negligence action against Coontz and McLaughlin, he could not claim that the limitation period was tolled by his action

against them. We disagree. Defendant's "discovery rule" and election of remedies arguments are inappropriate here as the issue is the commencement of the limitations period.

■■ The rules of contract construction apply to insurance policies, which courts interpret as a matter of law. (*Nationwide Mutual Insurance Co. v. Hecker* (1989), 183 Ill. App. 3d 13, 15.) One of the fundamental rules of contract interpretation is that the court should seek to interpret provisions in accordance with the intent of the parties. (*Gardner v. Padro* (1987), 164 Ill. App. 3d 449, 453.) Parties may validly agree to set a reasonable time limit within which a claim must be filed. *Village of Lake in the Hills v. Illinois Emcasco Insurance Co.* (1987), 153 Ill. App. 3d 815, 817.

■■ The provision at issue here is analogous to policy provisions which require an insured to give notice of a claim within a specified period of time. The purpose of such requirements is to enable the insurer to make a timely investigation of the insured's claim. (*Mitchell Buick & Oldsmobile Sales, Inc. v. National Dealer Services, Inc.* (1985), 138 Ill. App. 3d 574, 581.) As the court in *Mitchell Buick* explained:

> "Such a provision is not to be considered as a technical requirement merely for the convenience of the insurer, but rather is a valid prerequisite for coverage[.] [Citations.] Generally, the time within which notice is required is determined by a standard of reasonableness based upon the facts and circumstances of a particular case. *** Thus, where there is late notice, the issue is not whether the insured [*sic*] had been prejudiced but rather whether reasonable notice has been given." (*Mitchell Buick*, 138 Ill. App. 3d at 581.)

Whether the tortious driver was insured is relevant to the issue of uninsured-motorist coverage and must be determined by a trial court before arbitration can proceed. (*Elliott v. Inter-Insurance Exchange of Chicago Motor Club* (1988), 169 Ill. App. 3d 702, 707.) In the present case, it would be absurd to require plaintiff to file a claim for arbitration of an uninsured-motorist claim before the trier of fact determined *who* the driver of the other car was. Under the defendant's interpretation of the clause, the uninsured-motorist claim would have been precluded regardless of the trier of fact's determination, because that determination was not made until more than two years after the date of the accident. The parties could not have intended such a futile result. Our conclusion is supported by the policy, wherein it states that defendant agreed to pay all sums to which plaintiff "shall be legally entitled." Plaintiff could not determine whether he was legally

entitled to recover under the uninsured-motorist coverage until it had been determined who the driver was and, in fact, if he was uninsured. Thus, the limitations period of the policy did not commence until the rendition of the verdict finding that Coontz, the uninsured person, was the driver.

Plaintiff promptly filed the claim within two years after the verdict was rendered. We therefore conclude that plaintiff seasonably complied with the condition in the policy provision.

For the above reasons, the order of the circuit court of Kane County is affirmed.

Affirmed.

UNVERZAGT, P.J., and REINHARD, J., concur.