STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellant, v. SAHAK YAPEJIAN *et al.*, Defendants-Appellees.

Second District   No. 2—90—1351

Opinion filed August 13, 1991.

Richard M. Furgason, of Dreyer, Foote, Streit, Furgason & Slocum, P.A., of Aurora, and James J. Hoffnagle, of Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago, for appellant.

R. Lee Huszagh, of Wheaton, for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, State Farm Fire & Casualty Company, appeals from an order of the circuit court dismissing its complaint for declaratory judgment against defendants, Sahak Yapejian and Anahid Yapejian. The issue on appeal is whether a dispute over uninsured motorist coverage must be submitted to arbitration when the parties disagree about whether there was a collision with a hit-and-run vehicle.

Plaintiff alleged the following facts in its amended complaint. Plaintiff issued an automobile insurance policy to Sahak Yapejian for his 1978 Chevrolet Malibu station wagon. On March 17, 1989, Sahak was driving the Malibu, and Anahid was his passenger. Defendants claimed that a motor vehicle crossed the center line and struck the left side of the Malibu and that the driver did not stop. Defendants sought recovery for bodily injury.

The policy defined "uninsured motor vehicle" as a vehicle which is not insured or:

"[A] 'hit-and-run' land motor vehicle whose owner or driver remains unknown and which strikes:
    a. the insured; or
    b. the vehicle the insured is occupying and causes bodily injury to the insured." (Emphasis omitted.)

Plaintiff investigated the claims by inspecting the Malibu and determined that the damage to the Malibu could not have been caused by a collision as described and reported by defendants.

Plaintiff alleged that, in a "hit-and-run" accident, the policy coverage applies only if the vehicle of the unknown driver actually strikes the insured's vehicle. In their motion to dismiss, defendants cited the policy provision for dispute resolution between the insurer and the insured. The provision states:

"Deciding Fault and Amount
Two questions must be decided by agreement between the insured and us:
    1. Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle or underinsured motor vehicle; and
    2. If so, in what amount? If there is no agreement, these questions shall be decided by arbitration." (Emphasis omitted.)

Defendants requested arbitration; therefore, according to defendants, the declaratory judgment action should be dismissed and the dispute submitted for arbitration. Defendants also cited section 143a(1) of the Illinois Insurance Code (Insurance Code) (Ill. Rev. Stat. 1989, ch. 73, par. 755a(1)), which provides that "any dispute with respect to such coverage shall be submitted for arbitration."

At the hearing on the motion to dismiss, plaintiff relied on *Country Mutual Insurance Co. v. Kosmos* (1983), 116 Ill. App. 3d 914, and *Clark v. Country Mutual Insurance Co.* (1985), 131 Ill. App. 3d 633. Defendants argued that the plain language of the statute required that any dispute shall be submitted for arbitration. The court decided that the cases on which plaintiff relied were at odds with the plain language of the statute. The court distinguished *Kosmos* on its facts and expressly declined to follow *Clark*. The court then granted the motion to dismiss.

Plaintiff contends on appeal that the issue of coverage is not subject to arbitration. Plaintiff first cites *Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, which considered the issue whether, under the terms of the insurance policy, the question of coverage was subject to arbitration. The court looked to the language of the agreement to determine whether the parties intended that coverage issues

should be submitted to arbitration. The court determined that the insurance policy limited arbitration to issues concerning the amount of damages and disputes between the insured and the owner of the uninsured vehicle. *Flood*, 41 Ill. 2d at 94.

Defendants respond that *Flood* was decided prior to the amendment to the Insurance Code which added a provision requiring arbitration. (See Ill. Rev. Stat. 1979, ch. 73, par. 755a(1).) In support of the argument that the *Flood* holding was abrogated by legislative amendment, defendants refer to *Kosmos*, where the court considered the effect of the 1978 amendment. The *Kosmos* court explained:

> "If, in fact, the policy provision is in conflict with the statute then of course the statute is controlling. [Citation.] If not, then the parties are bound by the policy provisions." (*Kosmos*, 116 Ill. App. 3d at 916.)

According to defendants, the amendment is diametrically opposed to the policy provision limitation.

Plaintiff counters that the *Kosmos* court further found that the language "disputes with respect to such coverage" in section 143(a)(1) was ambiguous. The court then looked to the legislative debates to resolve the ambiguity. The *Kosmos* court believed that the statute was enacted solely to curb delays in arbitration, not to extend the scope of the arbitration. (*Kosmos*, 116 Ill. App. 3d at 916-17.) Defendants argue that the court did not, as a matter of law, resolve the ambiguity in the statutory language because in *Kosmos* there was no dispute that there was no contact between an uninsured vehicle and the insured's vehicle. (116 Ill. App. 3d at 917.) According to defendants, the discussion of the legislative debates is merely *dicta*.

We agree with plaintiff that *Kosmos* is not determinative of the question whether the 1978 amendment abrogated the holding of *Flood*. *Kosmos* stated specifically that it did not resolve that question. Similarly, *Liberty Mutual Insurance Co. v. Morgan* (1985), 138 Ill. App. 3d 938, also cited by plaintiff, is not determinative, since it relied on *Kosmos* without considering that the language in question was *dicta* and that *Kosmos* did not resolve the question. As further support for its contention, however, plaintiff argues that the court in *Clark* definitively answered that question in the negative.

*Clark* relied on *Flood* when it determined that the arbitration agreement embodied in the insurance policy is limited to the issues of the liability of the uninsured motorist to the insured and the amount of damages. According to *Clark*, "questions of law or fact concerning coverage cannot under this agreement be submitted to arbitration." *Clark*, 131 Ill. App. 3d at 637.

Defendants argue that the trial court was correct in refusing to follow *Clark* since the court, in that case, did not consider the effect of the 1978 amendment to the Insurance Code. Defendants agree with the trial court that the language of section 143(a)(1) is clear and unambiguous: all disputes regarding coverage are subject to arbitration. Defendants maintain that the court should not look beyond the statutory language, which conflicts with the policy provision. Thus, defendants conclude, the statute is controlling (see *American Family Mutual Insurance Co. v. Baaske* (1991), 213 Ill. App. 3d 683, 688), and the issue of coverage is subject to arbitration.

We agree with defendants that *Clark*, as well as *Elliott v. Inter-Insurance Exchange of the Chicago Motor Club* (1988), 169 Ill. App. 3d 702, a case cited by plaintiff in its reply brief, failed to consider section 143a(1) (Ill. Rev. Stat. 1989, ch. 73, par. 755a(1)) and erroneously relied on cases decided before the 1978 amendment. We therefore decline to follow *Clark* and *Elliott* and instead rely on section 143a of the Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 755a).

When construing a statute, the court should determine the legislative intent. (*Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 455.) A material change or amendment to a statute creates a rebuttable presumption that the legislature intended to change the existing law. (*State of Illinois v. Mikusch* (1990), 138 Ill. 2d 242, 252.) Prior to its amendment in 1978, section 143a(1) provided in relevant part:

> "On or after July 1, 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State *** unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of The Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom ***." (Ill. Rev. Stat. 1977, ch. 73, par. 755a(1).)

The amendment added the sentence, "No such policy shall be renewed or delivered *** unless it is provided therein that *any dispute* with respect to such coverage shall be submitted for arbitration ***." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 73, par. 755a(1).

When determining the proper interpretation of a statute, the court should start with the language of the statute. (*Kirwan v. Welch* (1989), 133 Ill. 2d 163, 165.) Where the language is certain and unambiguous, the court must enforce the law as written without resorting to supplemental principles of statutory construction. *Henry v. St. John's Hospital* (1990), 138 Ill. 2d 533, 541.

A statute is ambiguous if it is reasonably susceptible of two or more constructions. (*Knox County Board of Review v. Illinois Property Tax Appeal Board* (1989), 185 Ill. App. 3d 530, 534.) Statutory terms are given their popular, ordinary meaning when not defined specifically. *Union Electric Co. v. Department of Revenue* (1990), 136 Ill. 2d 385, 397.

We agree with the trial court that the language of section 143a(1) is unambiguous. The term "coverage" means coverage. The definition of "coverage" is the "amount and extent of risk covered by insurer." (Black's Law Dictionary 330 (5th ed. 1979).) The statute provides that *any* dispute regarding uninsured motorist coverage "shall be submitted for arbitration." (Ill. Rev. Stat. 1989, ch. 73, par. 755a.) The language of the statute is broadly worded, thereby indicating that an expansive interpretation of "disputes with respect to such coverage" is correct. We fail to see how this statement can be interpreted as excluding questions regarding whether uninsured motorist coverage applies in the first instance. We therefore disagree with *Kosmos* that the language reasonably can be interpreted as applying exclusively to disputes arising under the policy provision when coverage has been established.

We also disagree with the court in *Morgan*, which stated that the term "such coverage" referred to the requirement that uninsured motorist coverage be offered in an amount at least equal to coverage for bodily injury. (*Morgan*, 138 Ill. App. 3d at 945-46.) The term "such coverage" cannot refer to bodily injury because that term is used in section 143a(2)(iv), which concerns property damage coverage. (Ill. Rev. Stat. 1989, ch. 73, par. 755a(2)(iv); see *Mirabella v. Retirement Board of the County Employees' Annuity & Benefit Fund* (1990), 198 Ill. App. 3d 971, 974 (use of the same term in different sections of a statute should be given consistent meaning).) Based on our evaluation of the entire section, we believe that "such coverage" is shorthand for "[u]ninsured or hit and run motor vehicle coverage," the title of the section. See *Wilcoxen v. Paige* (1988), 174 Ill. App. 3d 541, 542.

Since we have determined that the language of the statute is clear and unambiguous, reference to the legislative debates is unnecessary. (*Heise v. Mitten* (1991), 207 Ill. App. 3d 941, 944.) We decline

to follow the reasoning of *Kosmos* and, instead, conclude that the plain language of the statute requires that disputes regarding the existence of uninsured motorist coverage, as well as disputes concerning the amount of damages and the liability of the uninsured motorist, be submitted to arbitration. Thus, the trial court was correct in dismissing the declaratory judgment action and remanding the cause for arbitration.

For the foregoing reasons, the order of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and INGLIS, JJ., concur.