BEVERLY McCRAY, Plaintiff-Appellant, v. MERIT INSURANCE COMPANY, Defendant-Appellee.

Second District   No. 2—91—1239

Opinion filed August 13, 1992.

Robert M. Buege, of May & Buege, Ltd., of Waukegan, for appellant.

Thomas P. Stepanich, Ltd., of Conzelman, Snarski & Stepanich, of Waukegan, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

Plaintiff, Beverly McCray, sued for a declaration of her right to arbitration under an automobile insurance policy issued by defendant,

Merit Insurance Company. On cross-motions for summary judgment, the trial court dismissed the complaint on the ground that plaintiff had filed her suit beyond the policy's two-year limitation period. Plaintiff appealed.

Plaintiff argues that, as a matter of law, she is entitled to arbitration because (1) her suit was timely under the terms of the policy; (2) defendant is estopped to invoke the policy's two-year limitation; and (3) under section 143.1 of the Illinois Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 755.1) the limitation period was tolled by plaintiff's timely filing of her proof of loss.

Defendant has moved to strike certain attachments to plaintiff's brief. Defendant argues that such documents are not part of the record on appeal and should not be considered by this court. We grant defendant's motion and therefore disregard any evidence or exhibits not properly included in the record on appeal.

On September 5, 1990, plaintiff filed a complaint alleging that at all relevant times plaintiff was an insured under a policy that defendant issued to plaintiff's mother. On February 20, 1988, plaintiff was injured when her car collided in Waukegan with a car owned by Jesus Espinosa. The driver of Espinosa's car fled the scene and was never apprehended or identified.

On June 27, 1988, plaintiff filed her proof of loss under the uninsured motorist coverage of the policy, to which defendant assigned a claim number. On July 1, 1988, defendant informed plaintiff that the policy required plaintiff to sue, in a timely manner, any and all parties allegedly legally responsible for damages. Therefore, on August 25, 1989, plaintiff brought a suit for negligence against Espinosa and "all other unknown parties." According to an unsworn trial brief in the case at bar, plaintiff was unable after due effort to obtain service on Espinosa. She therefore voluntarily dismissed the negligence suit with the right to refile the action prior to January 17, 1992. Nothing before the trial court or in the record before us indicated whether the negligence suit had been refiled.

By letter of July 26, 1990, plaintiff demanded that defendant either settle under the terms of the uninsured motorist coverage or submit to arbitration. On August 14, 1990, defendant responded denying coverage and refusing to enter into arbitration. Defendant relied on policy language that "no suit, action or arbitration proceedings for the recovery of any claim under this coverage shall be sustainable unless commenced within (2) years after the occurrence of the loss."

Defendant refused to reconsider its refusal to settle or submit to arbitration, and plaintiff filed this suit. She requested that the court

(1) hold that defendant's actions estopped it to invoke the limitations period or to refuse either settlement or arbitration; (2) find that plaintiff was entitled to uninsured motorist coverage under the policy; or (3) order defendant to engage in arbitration under the uninsured motorist coverage provision of the policy.

Defendant filed its answer, again denying that it was obligated to settle or submit to arbitration. Plaintiff then moved for summary judgment alleging that she timely complied with all of defendant's demands for the protection of its subrogation rights. Plaintiff argued that the policy's two-year limitations period did not commence with the accident itself, but only after her right to recover in her negligence suit had been determined. Therefore, plaintiff argued, she was entitled to an order compelling arbitration.

Defendant also moved for summary judgment, arguing that the limitations period expired two years from the accident, or February 20, 1990. Therefore, plaintiff's untimely request for arbitration or settlement barred her suit.

The trial court denied plaintiff's motion for summary judgment, granted defendant's motion for summary judgment, and dismissed the complaint. Plaintiff appealed.

Summary judgment is a drastic remedy that a court may grant only when the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) A trial court has no discretion in ruling on a motion for summary judgment and should grant this relief only when the right of the moving party is clear and free from doubt. *Loyola Academy v. S & S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 271-72.

We hold first that the trial court erred in holding that plaintiff's suit was barred by the two-year limitations period in the policy. Apparently the court construed this provision to require plaintiff to bring suit within two years of the *accident*. This construction is erroneous as a matter of law.

The rules of contract construction apply to insurance policies, and courts interpret these policies as a matter of law. (*Heneghan v. State Security Insurance Co.* (1990), 195 Ill. App. 3d 447, 453.) An unambiguous clause in an insurance policy is to be given its plain and ordinary meaning (*Shelton v. Country Mutual Insurance Co.* (1987), 161 Ill. App. 3d 652, 655), and the limitations period at issue here is valid (*Heneghan*, 195 Ill. App. 3d at 453). However, the limitations period

does *not* require plaintiff to sue on the policy within two years of the *accident*, but rather within two years of the "occurrence of the *loss*." This distinction is decisive.

An insured cannot be said to have suffered a "loss" until it is determined that the defendant in the personal injury action cannot compensate the insured for the damages incurred. (*Butler v. Economy Fire & Casualty Co.* (1990), 199 Ill. App. 3d 1015, 1022; *Trust Co. v. Iroquois Auto Insurance Underwriters, Inc.* (1936), 285 Ill. App. 317, 324.) Thus, language in a policy of insurance describing the limitations period in terms of the occurrence of a "loss" does not start to run until the tort liability of the alleged uninsured motorist has been established by judgment or settlement. *Butler*, 199 Ill. App. 3d at 1022-23; *Heneghan*, 195 Ill. App. 3d at 452; *Shelton*, 161 Ill. App. 3d at 656; *Iroquois*, 285 Ill. App. at 324.

Therefore, as a matter of law, plaintiff filed the present suit less than two years from the "occurrence of the loss." The eventual course of plaintiff's suit against Espinosa is not an issue of material fact; whatever may happen there, *this* suit was filed within the limitations period. Had defendant wished to prevent plaintiff from bringing suit more than two years from the *accident*, it simply could have written such language into the policy. Instead it agreed to limit plaintiff's time to sue to two years from the time that the extent of the liability of the alleged negligent driver had been resolved. Therefore, the trial court erred in holding that the two-year limitations period barred the suit.

Plaintiff's request was timely as a matter of law. We therefore need not discuss plaintiff's other arguments attacking the trial court's grant of summary judgment for defendant. The question remains, however, whether the court should have granted plaintiff's motion for summary judgment. We agree that the trial court should have held, as a matter of law, that plaintiff is entitled to arbitration of her claim and granted such motion.

In *State Farm Fire & Casualty Co. v. Yapejian* (1991), 217 Ill. App. 3d 516, *appeal allowed* (1991), 142 Ill. 2d 665, a case that neither party cites, we held that section 143a(1) of the Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 755a(1)) unambiguously requires arbitration of *any* dispute regarding uninsured motorist coverage or hit-and-run motorist coverage, including any dispute over whether such coverage is applicable in the first instance. (*Yapejian*, 217 Ill. App. 3d at 520-21.) We declined to follow cases such as *Elliott v. Inter-Insurance Exchange of the Chicago Motor Club* (1988), 169 Ill. App. 3d 702, insofar as they hold that arbitration may not proceed until a court has de-

termined the liability of the uninsured or hit-and-run motorist. (*Yapejian*, 217 Ill. App. 3d at 519-21.) Insofar as our earlier cases cite the *Elliott* rationale (see *Heneghan*, 195 Ill. App. 3d at 453), we hold that they are superseded by *Yapejian*.

■ We hold that, as a matter of law, plaintiff is entitled to arbitration of her claim against defendant. We express no opinion on the merits of that underlying claim. However, plaintiff timely invoked the arbitration clause and therefore is entitled to arbitration of her disputed claim. The trial court should have entered summary judgment in favor of plaintiff. Pursuant to Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)), we reverse summary judgment for defendant and enter summary judgment for plaintiff.

The judgment of the circuit court of Lake County is reversed and the cause remanded with directions to enter judgment for plaintiff declaring plaintiff is entitled to arbitration of her claim against defendant.

Reversed and remanded.

BOWMAN and DOYLE, JJ., concur.