MARTHA WHITING, Plaintiff-Appellant, v. PRESTIGE CASUALTY COM-
PANY, Defendant-Appellee.

First District (5th Division)   No. 1—91—1022

Opinion filed November 13, 1992.

Susan J. Pappas, of Dombrowski & Sorensen, of Chicago, for appellant.

Kathleen M. Kenny, of Malek & Wein, P.C., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Martha Whiting, appeals from the dismissal of her de-
claratory judgment complaint under section 2—615(e) of the Code of
Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615(e)) for fail-
ing to demand arbitration within the time set in her car insurance
policy with defendant, Prestige Casualty Company. We consider
whether the policy required plaintiff to demand arbitration within
two years of the accident as a condition precedent to uninsured mo-
torist coverage. For the following reasons, we reverse and remand.

Plaintiff was involved in a car accident on June 21, 1987, and
allegedly suffered personal injuries. She sued the driver of the
other car on December 6, 1988, but was unable to obtain service on

her. The status of that case is not apparent from the record on appeal.

On June 13, 1990, plaintiff filed this action against defendant for a declaration of her right to arbitrate under the car insurance policy. She alleged that she was injured in the accident but did not learn until March 15, 1990, that the driver of the other car was uninsured. On March 21, 1990, two years and nine months after the accident, she demanded that defendant arbitrate the claim under the uninsured motorist coverage of her policy. The coverage required defendant "[t]o pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury." Defendant refused to arbitrate.

In lieu of an answer, defendant moved for judgment on the pleadings based on the uninsured motorist clause of the policy, which stated:

"No suit, action, or arbitration proceeding for the recovery of any claim under this section shall be sustainable in any court of law or equity unless the insured, as a condition precedent to such action, has fully complied with all terms and provisions of this policy, nor unless said suit, action, or arbitration proceeding is commenced within two years of the date of loss."

Defendant argued that on the face of the complaint, plaintiff had not complied with the policy provision because she did not demand arbitration until more than two years after the date of the accident.

After a hearing, the trial judge granted defendant's motion for judgment on the pleadings and dismissed plaintiff's complaint with prejudice. Plaintiff now appeals.

OPINION

■ Under section 2—615(e), "[a]ny party may seasonably move for judgment on the pleadings." (Ill. Rev. Stat. 1991, ch. 110, par. 2—615(e).) Only the allegations in the pleadings should be considered in ruling on the motion, and the court must determine whether the pleadings present an issue of fact and, if not, whether the party is entitled to judgment. (*Daymon v. Hardin County General Hospital* (1991), 210 Ill. App. 3d 927, 569 N.E.2d 316.) The interpretation of an insurance policy is a question of law which the appellate court can review *de novo. Monsalud v. State Farm Mutual Automobile Insurance Co.* (1991), 210 Ill. App. 3d 102, 568 N.E.2d 969.

On appeal, plaintiff and defendant dispute whether plaintiff could have made a timely arbitration demand when she did not have proof that the other driver was uninsured until after the two-year period expired. Both parties assume that the policy required plaintiff to demand arbitration on her uninsured motorist claim within two years of the date of the accident. The relevant policy language, however, states that arbitration must begin "within two years of the date of loss," which is not synonymous with the date of the accident.

In *McCray v. Merit Insurance Co.* (1992), 233 Ill. App. 3d 36, 37, 598 N.E.2d 366, 368, the appellate court interpreted policy language almost identical to the present case which required arbitration on a claim for uninsured motorist coverage to be " 'commenced within (2) years after the occurrence of the loss.' " The court stated:

> "[T]he limitations period does *not* require plaintiff to sue on the policy within two years of the *accident*, but rather within two years of the 'occurrence of the *loss*.' This distinction is decisive.
>
> An insured cannot be said to have suffered a 'loss' until it is determined that the defendant in the personal injury action cannot compensate the insured for the damages incurred. [Citations.] Thus, language in a policy of insurance describing the limitations period in terms of the occurrence of a 'loss' does not start to run until the tort liability of the alleged uninsured motorist has been established by judgment or settlement. [Citations.]
>
> *** Had defendant wished to prevent plaintiff from bringing suit more than two years from the *accident*, it simply could have written such language into the policy. Instead it agreed to limit plaintiff's time to sue to two years from the time that the extent of the liability of the alleged negligent driver had been resolved." (Emphasis in original.) *McCray*, 233 Ill. App. 3d at 38-39, 598 N.E.2d at 368-69.

*E.g., Butler v. Economy Fire & Casualty Co.* (1990), 199 Ill. App. 3d 1015, 557 N.E.2d 1281; *Heneghan v. State Security Insurance Co.* (1990), 195 Ill. App. 3d 447, 552 N.E.2d 406.

█ In this case, as in *McCray*, the policy required arbitration to begin within two years of the date of the "loss." The trial judge assumed that the time period began on the date of the accident, June 21, 1987, and because plaintiff did not demand arbitration until March 21, 1990, more than two years later, he granted defend-

ant judgment on the pleadings. Under *McCray*, however, the period did not begin to run until the tort liability of the uninsured motorist was resolved by judgment or settlement. The status or outcome of plaintiff's suit against the other driver is not apparent from the pleadings in this case. As a result, judgment on the pleadings, which can only be granted on the basis of the pleadings, was improperly granted in defendant's favor.

Reversed and remanded.

McNULTY, P.J., and MURRAY, J., concur.