BRENDA GLENN, Plaintiff-Appellant, v. PRESTIGE CASUALTY COM-
PANY, Defendant-Appellee.

First District (6th Division)   No. 1—92—0213

Opinion filed April 30, 1993.

Lane & Lane, of Chicago (Stephen I. Lane, of counsel), for appellant.

Wein & Associates, P.C., of Chicago (Kathleen Kenny, of counsel), for appellee.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiff, Brenda Glenn, brought an action seeking a declaratory judgment of her right to arbitration under an automobile insurance policy issued by defendant Prestige Casualty Company (hereinafter Prestige). Upon a motion filed by Prestige, the trial court dismissed plaintiff's complaint, based upon her failure to request arbitration of her claim within the two-year period specified in the insurance contract. The court also denied plaintiff's request for leave to amend her complaint. On appeal, plaintiff challenges the trial court's dismissal of her complaint for failure to timely request arbitration and the refusal of her request to file an amended complaint.

The record reveals that on October 7, 1984, plaintiff, Brenda Glenn, sustained injuries when she was struck by a vehicle operated by Ida Moore. Moore was not covered by liability insurance and subsequently filed for bankruptcy protection.

At the time of the accident, there was in effect a policy of automobile insurance issued by Prestige to Robert McCaskill, the stepfather of the plaintiff. Although plaintiff was not the policyholder, she was a beneficiary under this policy. As a beneficiary, plaintiff did not have possession of the contract for insurance, and she did not receive a copy of the policy until after the filing of her complaint on February 28, 1991.

On October 10, 1984, three days after the accident, plaintiff's original counsel sent a letter to Prestige which informed the insurer of the plaintiff's claim under the uninsured motorist coverage provided in the policy. This letter also included an attorney's lien and requested acknowledgment of the claim by Prestige.

On November 14, 1984, five weeks after the accident, Prestige responded to the letter from plaintiff's counsel. In its response, Prestige identified plaintiff as the claimant and indicated that Robert McCaskill was the named insured under the policy. This letter also stated, in relevant part,

"We acknowledge receipt of uninsured motorist claim.

Please be advised hereby that it is not our intention to proceed with arbitration unless and until:

1. There is presented to us proof of no motor vehicle liability insurance on the part of the adverse driver and the owner of the adverse vehicle;

* * *

4. Pursuant to Condition 7 of the policy:

a) the attached form must be completed within 15 days, if not heretofore completed and returned;

b) you are to telephone us and arrange a time and place for examination of claimant(s) under oath at these offices; and

c) we shall advise you whether or not we are desirous of examination by physician(s) of our choice after the sworn statement is in fact taken.

5. Upon the meeting of the above conditions precedent, we look forward to receipt of 'items of special damage' applicable to an uninsured claim.

Until such time as there is compliance with the above, there can be no dispute and we cannot select any arbitrator."

On April 3, 1985, plaintiff's counsel sent another letter to Prestige which provided the "items of special damages" requested by the insurer. Prestige did not deny plaintiff's claim or respond in any way to this letter. Approximately nine months later, on January 24, 1986, plaintiff's counsel again sent a letter to Prestige which itemized the special damages and demanded payment of the policy limits. As with the prior communication, Prestige did not deny the claim or respond in any way.

Plaintiff filed suit against the uninsured motorist on October 2, 1986, prior to the expirations of the limitations period. Yet, the uninsured motorist filed for bankruptcy protection, and an automatic stay was issued by the bankruptcy court.

As of October 1989, Prestige had not denied the plaintiff's claim but also had not taken any action toward settlement or arbitration. On October 10, 1989, plaintiff's counsel wrote a letter to Prestige which made "a formal demand for arbitration." On October 26, 1989, over five years after the accident and notification thereof, Prestige finally denied plaintiff's claim based upon her failure to demand arbitration within two years from the date of accident.

On February 28, 1991, plaintiff filed the instant action, seeking to compel arbitration of her claim under the uninsured motorist coverage provided in the policy issued by Prestige. The complaint erroneously alleged that plaintiff was the policyholder and that she had received a copy of the policy in consideration of premiums paid by her.

Prestige filed a motion to dismiss the complaint, asserting that plaintiff's claim was barred by her failure to make a timely demand for arbitration. This assertion was predicated upon coverage D of the

policy, which stated that "[n]o suit, action or arbitration proceeding for the recovery of any claim under this section shall be sustainable in any court of law or equity unless the insured, as a condition precedent to such action has fully complied with all the terms and provisions of this policy, nor unless said suit, action or arbitration proceeding is commenced within two years of the date of loss."

Plaintiff filed a memorandum in opposition to the motion to dismiss, and Prestige filed a reply. After hearing the arguments of counsel, the trial court granted Prestige's motion to dismiss. In entering its ruling, the trial court found that the policy provision setting a two-year time limitation on plaintiff's right to demand arbitration was enforceable and that plaintiff had failed to make a demand for arbitration in accordance with that provision.

Thereafter, plaintiff filed a motion for reconsideration of the dismissal order and requested leave to file an amended complaint. Plaintiff sought to amend her complaint to reflect that she was a beneficiary under the policy but not the policyholder; she had not received a copy of the policy; and had not been informed of the specific provisions contained therein. The trial court denied the motion for reconsideration and refused plaintiff's request to amend her complaint. These rulings were predicated upon the court's determination that plaintiff had provided no basis for reconsideration of the dismissal order.

Plaintiff appeals the dismissal of her complaint and the denial of her request to file an amended pleading.

We initially consider plaintiff's claim that her complaint should not have been dismissed.

■ Insurance policy provisions which require the insured to demand arbitration within a two-year period have been upheld as not violative of section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1991, ch. 73, par. 755a). (See *Shelton v. Country Mutual Insurance Co.* (1987), 161 Ill. App. 3d 652, 660, 515 N.E.2d 235; *Buchalo v. Country Mutual Insurance Co.* (1980), 83 Ill. App. 3d 1040, 1047-48, 404 N.E.2d 473; *Coyne v. Country Mutual Insurance Co.* (1976), 39 Ill. App. 3d 279, 280, 349 N.E.2d 485.) These cases hold that such a provision is enforceable where it provides the insured with the same protection available had the tortfeasor carried the required insurance coverage. *Heneghan v. State Security Insurance Co.* (1990), 195 Ill. App. 3d 447, 453, 552 N.E.2d 406; *Shelton*, 161 Ill. App. 3d at 658.

■ Coverage D of the policy required plaintiff to file suit or to demand arbitration within two years of the "date of loss." The trial court's dismissal of the complaint was premised upon the determina-

tion that plaintiff's claim was barred by her failure to make a timely demand for arbitration under coverage D. Our review of the trial court's action is guided by two opinions which were filed subsequent to the dismissal of the complaint. Based upon these two decisions, we hold that the complaint should not have been dismissed.

*McCray v. Merit Insurance Co.* (1992), 233 Ill. App. 3d 36, 598 N.E.2d 366, and *Whiting v. Prestige Casualty Co.* (1992), 238 Ill. App. 3d 376, 606 N.E.2d 397, held, for the first time, that when an insurance policy providing uninsured motorist coverage includes the language contained in coverage D, the insured cannot be said to have suffered a "loss" until it is determined that the driver who was liable for the injury cannot compensate the insured for the damages incurred. (*Whiting v. Prestige Casualty Co.* (1992), 238 Ill. App. 3d 376, 378-79, 606 N.E.2d 397; *McCray v. Merit Insurance Co.* (1992), 233 Ill. App. 3d 36, 39, 598 N.E.2d 366.) Consequently, the period within which the insured must demand arbitration does not begin to run until the tort liability of the alleged uninsured motorist has been established by judgment or settlement. *Whiting*, 238 Ill. App. 3d at 378; *McCray*, 233 Ill. App. 3d at 39.

In the case at bar, the uninsured driver filed for bankruptcy protection, and an automatic stay was issued by the bankruptcy court. The date of the plaintiff's loss cannot be determined until the bankruptcy stay has been lifted and the uninsured driver's ability to compensate the plaintiff has been finally determined either by judgment or settlement. Until that occurs, it cannot be said that plaintiff has suffered a "loss," and plaintiff's demand for arbitration cannot be considered untimely. In light of the new law established in *McCray* and *Whiting*, we hold that the plaintiff's complaint should not have been dismissed for failure to demand arbitration within two years of the date of accident.

We next address the trial court's refusal to allow plaintiff's request to amend her complaint.

■ Under section 2—616 of the Illinois Code of Civil Procedure, a plaintiff may under just and reasonable terms amend pleadings in form or substance in a manner "which may enable the plaintiff to sustain the claim for which it was intended to be brought." Ill. Rev. Stat. 1991, ch. 110, pars. 2—616(a), (c).

In the case at bar, plaintiff's complaint alleged that she was the policyholder and had received a copy of the policy upon payment of premiums. The record reflects, however, that these allegations were erroneous because plaintiff was a beneficiary under the policy, not the policyholder, and did not have possession of a copy of the policy until

after her complaint was filed. Indeed, the complaint itself asserts that a copy of the policy would be filed upon production from Prestige, and it is undisputed that plaintiff did not have a copy of the policy until after her declaratory judgment action had been filed. Under these facts, it would have been just and reasonable for the trial court to permit plaintiff to amend her complaint to reflect that she was a beneficiary under the policy and did not obtain a copy of the insurance agreement until after her complaint for declaratory judgment had been filed.

For the foregoing reasons, the orders of the circuit court of Cook County are vacated, and the cause is remanded for further proceedings consistent with the views expressed herein.

Vacated and remanded.

EGAN and RAKOWSKI, JJ., concur.