JOHN MACHULIS *et al.*, Plaintiffs-Appellants, v. FARMERS INSURANCE EXCHANGE, Defendant-Appellee.

First District (6th Division)   No. 1—94—2463

Opinion filed June 14, 1996.

Steven J. Seidman and Monico, Pavich & Spevack, both of Chicago (Barry A. Spevack, of counsel), for appellants.

Worker & Power, of Chicago (Danny L. Worker and Julie A. Hoffman, of counsel), for appellee.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

This is an appeal from the trial court's order dismissing the case on the pleadings pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)). After reviewing the record and the arguments of the parties, we affirm.

The plaintiffs' 14-year-old daughter was struck by a car and she sustained $375,000 in medical expenses. The plaintiffs' automobile insurance included a personal injury benefit which covered $5,000 of the medical costs. Plaintiff also owned a "Special Personal Umbrella Policy" and brought a declaratory judgment action seeking a ruling that it covered the remaining $370,000.

The issue is whether the plaintiffs' umbrella policy covers medical payments made by the plaintiffs on behalf of their daughter, beyond the $5,000 benefit included in their automobile insurance. The trial court ruled that the umbrella policy was meant to provide "third party coverage" and dismissed the case on the pleadings. We review the court's finding under a *de novo* standard. *Whiting v. Prestige Casualty Co.*, 238 Ill. App. 3d 376, 606 N.E.2d 397 (1992).

The leading case on the issue of whether an umbrella policy covers injuries to the insured is *Hartbarger v. Country Mutual Insurance Co.*, 107 Ill. App. 3d 391 (1982). In *Hartbarger*, the insurance company argued that its umbrella policy was a policy of liability insurance only and that it was not intended to cover uninsured motorist claims such as the one the plaintiff had presented. The court stated that "[a]n umbrella liability policy is generally designed to protect the insured from a judgment against him in an amount greater than that provided for in the underlying policies." *Hartbarger*, 107 Ill. App. 3d at 394. The court also wrote that "an umbrella liability policy is entirely different from an automobile policy" and concluded that the policy at issue was intended only "to protect the insured against excess judgments." *Hartbarger*, 107 Ill. App. 3d at 396.

Plaintiffs attempt to distinguish *Hartbarger* by pointing out that their policy did not include the word "liability" in its title, as they claim the insurance policy at issue in *Hartbarger* did. Plaintiffs also argue that, because "damages" was interpreted in the case of *Zegar v. Sears Roebuck & Co.*, 211 Ill. App. 3d 1025 (1991), to include "medi-

cal payments," the use of the word "damages" in their policy should similarly include the medical payments they made on behalf of their daughter. Finally, plaintiffs assert that, because the policy does not exclude the coverage of medical payments, it is reasonable to conclude that the parties intended such coverage be included in the umbrella policy. We disagree.

■ The absence of the word "liability" in the title of the umbrella policy is not significant. The term "umbrella policy" is defined by Black's as "[a] form of insurance protection against losses in excess of the amount covered by other *liability insurance.*" (Emphasis added.) Black's Law Dictionary 808 (6th ed. 1990). In light of this definition, it is not surprising that the word "liability" was not included as part of the umbrella policy title. The inclusion of the word "liability" would have been redundant.

Plaintiffs, in making their argument that the umbrella policy was not meant to be a policy of liability insurance only, overlook that the premium payment listed on the policy's declaration page states that coverage is for "personal liability," not personal injury. Clearly, if the policy was designed to cover both the excess medical expenses of the plaintiffs themselves and the excess of judgments brought against them, the policy would have been described more appropriately in the declaration page.

Moreover, the terms of the umbrella policy cover only "damages" that the plaintiff must pay "legally or by agreement" with the written consent of the defendant. Plaintiffs have not argued that they were "legally" compelled to pay their daughter's medical expenses or that they paid her expenses after first obtaining the consent of the defendant. We find unpersuasive plaintiffs' argument that their daughter's medical expenses represent "damages" in the context of the terms of this policy. The plaintiffs' reliance on *Zegar* is misplaced. In *Zegar*, the court merely stated the obvious proposition that medical expenses may be viewed as a component of an injured party's legal damages in a tort action. *Zegar*, 211 Ill. App. 3d at 1028.

Finally, the fact that the umbrella policy does not contain an exclusion for the types of benefits claimed by the plaintiffs is not controlling. It is axiomatic that exclusions are relevant in construing an insurance policy only when the policy provides coverage in the first instance. *Hartbarger*, 107 Ill. App. 3d at 394; *Hartford Accident & Indemnity Co. v. Case Foundation Co.*, 10 Ill. App. 3d 115 (1973).

We conclude that, in the absence of a judgment or settlement against the plaintiffs, plaintiffs' umbrella policy does not provide coverage. Accordingly, the trial court correctly dismissed the case on the pleadings.

832

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN and RAKOWSKI, JJ., concur.