CARRON LISNIK, Plaintiff-Appellant, v. MERIDIAN MUTUAL INSURANCE, Defendant-Appellee.

Fourth District   No. 4—94—0959

Argued May 24, 1995.—Opinion filed June 30, 1995.

LUND, J., specially concurring.

Gerald P. Rodeen (argued), of Dilks, Rodeen, Gibson & Smith, Ltd., of Paxton, for appellant.

Karen L. Kendall and Craig L. Unrath (argued), both of Heyl, Royster, Voelker & Allen, of Peoria, and Michael E. Raub, of Heyl, Royster, Voelker & Allen, of Urbana, for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

In May 1988, plaintiff, Carron Lisnik, was injured in an automobile accident with an uninsured motorist. On August 19, 1993, plaintiff filed a complaint seeking an order requiring defendant, Meridian Mutual Insurance Company, to enter into arbitration of her uninsured motorist (UM) claim. The trial court granted defendant's motion to dismiss on December 21, 1993, concluding plaintiff's suit was barred by the two-year suit limitation period in the policy. On appeal, plaintiff argues: (1) section 143.1 of the Illinois Insurance Code (Code) (215 ILCS 5/143.1 (West 1992)) indefinitely tolled the suit limitation provision in the policy due to defendant's failure to deny her arbitration demand; and (2) defendant should be estopped from asserting the two-year limitations period. We agree and reverse.

## I. FACTS

Plaintiff was injured in an automobile accident with an uninsured motorist on May 2, 1988. On June 10, 1988, she gave notice of a claim under the UM coverage of her auto insurance policy to defendant. On June 12, 1989, plaintiff submitted a demand of $80,000 for settlement of the claim. On December 11, 1989, plaintiff demanded arbitration of the UM claim and informed defendant she had selected an arbitrator. According to defendant's policy, if an agreement as to coverage or damages could not be reached with an insured on an UM

claim, the insured could demand arbitration. Each party would select an arbitrator, and the two arbitrators would select a third arbitrator.

On May 11, 1990, defendant advised plaintiff it had selected an arbitrator, but had told the arbitrator to put the matter on hold pending further investigation and settlement negotiations. On October 30, 1990, defendant offered to settle the claim for $5,000.· Plaintiff filed suit seeking an order compelling defendant to arbitrate her UM claim on August 13, 1993. On October 4, 1993, defendant filed a motion to dismiss on the basis of a suit limitation clause in the policy, which provided: "No suit may be brought against *us* under the Uninsured Motorists Coverage of this policy more than two years after the date of the loss." (Emphasis in original.) Defendant argued "the date of the loss" was May 2, 1990 (two years after the accident), and therefore, the two-year contractual limitation expired May 2, 1992. On December 21, 1993, the court granted defendant's motion to dismiss, concluding the limitations period was tolled until the final correspondence between the parties on October 30, 1990, when defendant offered to settle the claim for $5,000. The court held plaintiff's suit was time-barred because it was not filed until August 19, 1993, more than two years after the limitations period began to run. The court granted plaintiff leave to file an amended complaint to plead any events which might have tolled the limitations period beyond October 30, 1990.

Plaintiff filed a motion to reconsider on January 20, 1994, and attached further correspondence between the parties and the affidavit of her former attorney. On January 17, 1991, defendant reiterated its $5,000 settlement offer. On March 27, 1991, plaintiff rejected the offer and advised plaintiff was undergoing further treatment. The affiant claimed on January 31, 1992, he met with defendant's counsel and advised plaintiff was still undergoing treatment and he would continue further settlement negotiations when her condition stabilized. The trial court denied the motion to reconsider on June 2, 1994, concluding there was no agreement for an indefinite postponement of arbitration until plaintiff's medical condition had stabilized. This appeal followed.

## II. ANALYSIS

Plaintiff argues the suit limitation provision of the policy was tolled indefinitely pursuant to section 143.1 of the Code due to defendant's failure to deny her arbitration demand. We agree. The suit limitation clause at issue provides no suit may be filed more than two years "after the date of the loss." A suit limitations period running from the date of the "loss" does not begin until it is

determined the defendant in a personal injury action is unable to compensate the insured for the damages incurred. *McCray v. Merit Insurance Co.* (1992), 233 Ill. App. 3d 36, 39, 598 N.E.2d 366, 368; see also *Silverman v. Economy Fire & Casualty Co.* (1995), 272 Ill. App. 3d 490, 492; *Glenn v. Prestige Casualty Co.* (1993), 246 Ill. App. 3d 909, 913, 617 N.E.2d 84, 86-87; *Whiting v. Prestige Casualty Co.* (1992), 238 Ill. App. 3d 376, 378-79, 606 N.E.2d 397, 399.

■ In this case, plaintiff never sued the alleged uninsured motorist. The two-year statute of limitations for personal injury claims (735 ILCS 5/13—202 (West 1992)) expired on May 8, 1990. After that date, the uninsured motorist's tort liability was established because plaintiff could never recover from him or her. Thus, the date of the "loss" for purposes of the policy limitations period was May 8, 1990. The policy therefore required plaintiff to file suit on or before May 8, 1992. Since she did not file until August 1993, defendant argues her suit is time-barred. However, section 143.1 of the Code provides:

> "Whenever any policy or contract for insurance, except life, accident and health, fidelity and surety, and ocean marine policies, contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." 215 ILCS 5/143.1 (West 1992).

In *Hermanson v. Country Mutual Insurance Co.* (1994), 267 Ill. App. 3d 1031, 642 N.E.2d 857, the plaintiff sustained injuries in an auto accident with an uninsured motorist on December 16, 1989. On May 25, 1990, the plaintiff made a claim for benefits under the UM provisions of her policy. On May 31, 1990, the defendant denied the plaintiff's claim, contending a set-off provision barred recovery. On October 6, 1991, the plaintiff demanded arbitration pursuant to an arbitration clause in the policy. On October 31, 1991, the defendant denied the plaintiff's arbitration demand. The plaintiff then filed a declaratory judgment action seeking UM benefits. The defendant filed a motion to dismiss, claiming the action was filed after the two years from date of accident limitations provision in the policy. *Hermanson*, 267 Ill. App. 3d at 1032-33, 642 N.E.2d at 858.

The plaintiff argued the policy's two-year suit limitation clause was tolled by section 143.1 of the Code from the date proof of loss was filed (May 25, 1990), until the denial of arbitration (October 31, 1991). The court rejected this interpretation because an insured could circumvent the limitations period by delaying a demand for arbitration indefinitely. Instead, the court held the limitations period was tolled six days between the initial claim and denial, and for an ad-

ditional 22 days between the arbitration demand and denial. *Hermanson*, 267 Ill. App. 3d at 1034-35, 642 N.E.2d at 859-60.

In the present case, plaintiff made an UM claim on June 10, 1988. On December 11, 1989, plaintiff demanded arbitration, prior to the May 2, 1990, "date of loss." Defendant never denied the arbitration demand. Defendant argues its October 30, 1990, $5,000 settlement offer acted as a denial "in part" of plaintiff's claim. Thus, defendant argues the limitations period was tolled from June 10, 1988, until October 30, 1990. Therefore, defendant claims the limitations period expired on approximately September 22, 1992. This argument is wrong. According to *Hermanson* and section 143.1 of the Code, when an insured makes a demand for arbitration any contractual limitations period is tolled until the insurer explicitly denies the demand for arbitration. *Settlement negotiations do not constitute the denial of an arbitration demand.* Defendant's October 30, 1990, $5,000 settlement offer did not state it was a final offer, nor did it deny plaintiff's arbitration demand. Therefore, the suit limitation provision is still tolled, and thus, the trial court erred in dismissing plaintiff's claim as time-barred. Since we conclude the suit limitation clause in the policy is still tolled, we need not consider the estoppel issue.

## III. CONCLUSION

For the foregoing reasons, we reverse the order of the circuit court granting defendant's motion to dismiss.

Reversed and remanded.

COOK, J., concurs.

JUSTICE LUND, specially concurring:

This case and our recent opinion in *Vansickle v. Country Mutual Insurance Co.* (1995), 272 Ill. App. 3d 841, are examples of draftsmanship on the part of insurance companies that drive attorneys and judges to the brink of despair. This case, and the one filed on June 8, 1995, are specific and, hopefully, provide attorneys with guidelines when involved with possible uninsured or underinsured coverage. Our distinguished superiors on the high court should recognize the value of our attempt to lead counsel to the "promised land."